Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and James L. Schloder *v.* Rochester & Pittsburgh Coal Company and Old Republic Insurance Company, Insurance Carrier, Appellants, and Commonwealth of Pennsylvania, Appellee.

Argued February 5, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*Joseph J. Lee,* for appellants.

*Eugene A. Greany,* for appellee, Schloder.

*David A. Ody,* Assistant Attorney General, for appellee, Commonwealth.

*James N. Diefenderfer,* for appellee, Board.

OPINION BY JUDGE WILKINSON, February 23, 1976:

This case is an appeal by Rochester and Pittsburgh Coal Company and its insurance carrier (appellants) from a determination of the Workmen's Compensation Appeal Board (Board). On August 27, 1974, claimant-appellee filed a petition claiming compensation for total disability resulting from coal worker's pneumoconiosis. Hearings were held before a referee who then, on March 7, 1975, filed a decision awarding claimant-appellee total disability benefits, 25% of which were to be paid by appellants and 75% by the Commonwealth of Pennsylvania.

The referee made the following findings of fact:

"1. On 9/26/73, the claimant, James L. Schloder, was in the employ of the defendant, Rochester & Pittsburgh Coal Co., earning an average weekly wage of $235.00.

. . . .

"3. The claimant was employed by the defendant from 1933 to 1934 and from 1937 to 9/26/73, approximately 37 years.

"4. On 8/5/74, the claimant became permanently totally disabled due to coal worker's pneumoconiosis after a period of two or more year's exposure to a silica hazard.

. . . .

"7. Claimant's exposure from 7/1/73 to 9/26/73 contributed to his total disability."

On appeal, the Board, without taking additional evidence, affirmed the decision of the referee; however, it reallocated the liability for compensation, assessing 50%

to appellants and 50% to the Commonwealth. Appellants are now before this Court challenging that reallocation.

Section 305.1 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411.1, provides:

"Any compensation payable under this act for silicosis, anthraco-silicosis or coal-workers's pneumoconiosis as defined in section 108(q) for disability occurring on or after July 1, 1973 or for death resulting therefrom shall be paid as follows: if the disability begins between July 1, 1973 and June 30, 1974, inclusive, the employer shall pay twenty-five per centum and the Commonwealth seventy-five per centum; if the disability begins between July 1, 1974, and June 30, 1975, inclusive, the employer shall pay fifty per centum and the Commonwealth fifty per centum; if the disability begins between July 1, 1975 and June 30, 1976, inclusive, the employer shall pay seventy-five per centum and the Commonwealth twenty-five per centum; and if the disability begins on or after July 1, 1976, all compensation shall be payable by the employer. The procedures for payment of compensation in such cases shall be as prescribed in the rules and regulations of the department."

The referee apparently used claimant-appellee's last day of employment, September 26, 1973, to assess liability between appellants and the Commonwealth, while the Board utilized the date claimant-appellee became totally disabled, August 5, 1974.

Appellants contend that the Board erred in modifying the referee's award, arguing that it is the last day of employment which determines the allocation of liability under Section 305.1. We cannot agree. Appellants' argument automatically equates the date of disability with the date of the last exposure to the hazards of an occupational disease. This equation, however, is inconsistent with the peculiar nature of occupational diseases, *i.e.*, the disability which results from such diseases frequently

does not arise until after a lengthy interval following exposure.[1] *McIntyre v. E. J. Lavino & Co.*, 344 Pa. 163, 25 A.2d 163 (1942). Consequently, the date of disability does not automatically coincide with the date of final exposure but must be determined independently on the facts of each case.

In the present controversy, the referee found as fact that claimant-appellee became totally disabled on August 5, 1974, almost one year after the last day of his exposure to silica hazard, September 26, 1973. This finding is supported by substantial evidence and was, therefore, binding on the Board, as it is on this Court. *See Page's Department Store v. Velardi*,     Pa.    , 346 A.2d 556 (1975). Nevertheless, the application of the law of Section 301.1 to this case was within the Board's scope of review. *See id.* Since August 5, 1974, falls within the period from July 1, 1974, to June 30, 1975, inclusive, the Board was correct in reallocating the liability percentages between appellants and the Commonwealth from 25%/75% to 50%/50%.

Accordingly, we enter the following

ORDER

NOW, February 23, 1976, the decision of the Workmen's Compensation Appeal Board, at Docket No. A-70052, filed July 29, 1975, is hereby affirmed. Compensation is awarded to the claimant herein at the rate of $100.00 per week, the maximum rate provided by the Act in force on 9/26/73, the last date the claimant worked. 50% or $50.00 shall be paid by the Commonwealth of Pennsylvania, and 50% or $50.00 by the Rochester and Pittsburgh Coal Company, appellant, and

---

1. Interestingly, appellants expressly recognize the unique character of occupational diseeases. Indeed, they urge this Court to take judicial notice of the fact that coal worker's pneumoconiosis or anthraco-silicosis are not maladies which strike suddenly, but are diseases which develop progressively.

its insurance carrier, Old Republic Insurance Company. Payments to begin on 8/5/74 and continuing within the limitations of the Act. All compensation herein awarded shall be paid to the claimant by the appellant insurance carrier pursuant to Rule 121.21(b) of the Bureau of Occupational Injury & Disease Compensation. Interest is taxed on all accrued payments due and owing by the appellant insurance carrier only.