Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania, Joseph Witek and Commonwealth of Pennsylvania *v.* Jones & Laughlin Steel Corporation, Appellant.

Argued March 4, 1976, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for appellant.

*Mary Ellen Krober,* Assistant Attorney General, with her *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, March 29, 1976:

The facts of this case are not materially different from those in *Workmen's Compensation Appeal Board v. Rochester & Pittsburgh Coal Company,* 23 Pa. Commonwealth Ct. 441,      A.2d      (1976), where we held that the date on which total disability was found by a referee to have occurred, (and neither the last day of employment nor the date of last exposure to the hazards of an occupational disease), is the date with reference to which the allocation of liability between the Commonwealth and the employer must be made under Section 305.1 of The Pennsylvania Workmen's Compensation Act.[1]

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411.1. Section 305.1 provides:

"Any compensation payable under this act for silicosis, anthraco-silicosis or coal-worker's pneumoconiosis as defined in section 108(q) for disability occurring on or after July 1, 1973 or for death resulting therefrom shall be paid as follows: if the disability begins between July 1, 1973 and June 30, 1974, inclusive, the employer shall pay twenty-five per centum and the Commonwealth seventy-five per centum; if the disability begins between July 1, 1974, and June 30, 1975, inclusive, the employer shall pay fifty per centum and the Commonwealth fifty per centum; if the disability begins between July 1, 1975 and June 30, 1976, inclusive, the employer shall pay seventy-five per centum and the Commonwealth twenty-five per centum; and if the disability begins on or after July 1, 1976, all com-

In this case the claimant, Joseph Witek, filed a claim for workmen's compensation due to anthracosilicosis on January 13, 1975. After hearing, a referee awarded Witek benefits for permanent total disability. Payments of benefits were assessed 25% against the employer, a self-insurer, and 75% against the Commonwealth pursuant to Section 305.1 of the Pennsylvania Workmen's Compensation Act, 77 P.S. §411.1.

The referee made the following findings of fact:

"3. The Claimant was last employed in the bituminous coal mining industry by Defendant, Jones & Laughlin Steel Corporation, from 1946 to March 16, 1974, inclusive, at an average weekly wage of $230.00.

"4. On December 11, 1974, the Claimant became permanently and totally disabled due to anthracosilicosis after having had an aggregate employment of at least two years in the Commonwealth of Pennsylvania, during a period of ten years next preceding the date of disability in an occupation having a silica hazard."

The Commonwealth and the employer appealed to the Workmen's Compensation Appeal Board, which affirmed the decision of the referee but, by using December 11, 1974 as the date of reference for application of Section 305.1, reallocated the liability for compensation, assessing 50% against the employer and 50% against the Commonwealth. The employer has appealed, contesting the reassessment. It contends, as did the employer in *Workmen's Compensation Appeal Board v. Rochester & Pittsburgh Coal Company, supra,* that the date of disability for the purpose of determining the allocation of percentages is not necessarily the same date upon which the claimant is entitled to compensation for total disability, and that Witek was disabled when he quit work.

---

pensation shall be payable by the employer. The procedures for payment of compensation in such cases shall be as prescribed in the rules and regulations of the department."

In discussing a similar section of The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended*, 77 P.S. §1408, our Superior Court has stated:

> "An employer's need for assistance arises only when the time to pay compensation arrives, that is, when total disability occurs. It is logical that the Commonwealth's proportionate share of the compensation should be ascertained at the time when the employer's *duty* to pay compensation comes into existence and not at some earlier date when his *liability* to pay is fixed." *Pekorofsky v. Glenn Alden Coal Company*, 171 Pa. Superior Ct. 97, 104, 89 A.2d 890, 893 (1952). (Emphasis in original.)

The referee's finding that disability occurred on December 11, 1974, is supported by substantial evidence. His application of the law with respect to the assessment of payments against the Commonwealth was within the Board's scope of review and was by it properly reallocated. *Workmen's Compensation Board of Review v. Rochester & Pittsburgh Coal Company, supra.*

## ORDER

AND NOW, this 29th day of March, 1976, the decision of the Workmen's Compensation Appeal Board, at Docket No. A070330, filed September 4, 1975, is hereby affirmed. Jones & Laughlin Steel Corporation, and the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Occupational Injury and Disease Compensation, are ordered and directed to pay compensation to the appellee, Joseph Witek, at the rate of $106.00 per week, beginning on January 7, 1975.

Of the said weekly amount of $106.00, the Commonwealth of Pennsylvania shall be liable for the payment of fifty (50) percent thereof or in the amount of $53.00, and the appellant, Jones & Laughlin Steel Corporation, shall be liable for the payment of fifty (50) percent thereof or in the amount of $53.00 per week.

180

The above award against the appellant-company only shall bear interest on all deferred payment of compensation at the rate of ten per centum per annum.

Appellant is directed to pay Anthony J. Kovach, Esquire, attorney for the appellee, the sum of $1,000.00 for attorney's fees out of the first lump sum amount due appellee pursuant to the within award and to pay the balance thereof directly to the appellee.