Zigmund Novak *v.* Mathies Coal Company, The Commonwealth of Pennsylvania and Workmen's Compensation Appeal Board. Mathies Coal Company, Appellant.

Argued February 4, 1977, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Edward C. Schmidt,* with him *Andrew Rose,* and *Rose, Schmidt and Dixon,* for appellant.

*Mary Ellen Krober,* Assistant Attorney General, with her *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, March 4, 1977:

Mathies Coal Company (Mathies) appeals to this Court from an order of the Workmen's Compensation

Appeal Board (Board) which affirmed [1] the referee's award of total disability benefits to Zigmund Novak, a former Mathies employe.

Benefits were awarded to Novak beginning July 2, 1974 for total disability caused by coal workers' pneumoconiosis. The finding of the referee with which the Board agreed, *i.e.*, that Novak became totally and permanently disabled on that date, was based upon testimony by his family physician who had examined him on July 2, 1974. Mathies was ordered to pay fifty percent of the compensation, with the Commonwealth of Pennsylvania paying the other fifty percent, pursuant to Section 305.1 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411.1 which provides:

. Any compensation payable under this act for silicosis, anthraco-silicosis or coal-worker's pneumoconiosis as defined in Section 108(q) for disability occurring on or after July 1, 1973 or for death resulting therefrom shall be paid as follows: if the disability begins between July 1, 1973 and June 30, 1974, inclusive, the employer shall pay twenty-five per centum and the Commonwealth seventy-five per centum; *if the disability begins between July 1, 1974, and June 30, 1975, inclusive, the*

---

[1] Both parties here have treated the Board's decision dated April 1976 as if it affirms the referee's order, even though the actual order merely remands the case to the referee for the purpose of permitting a procedural amendment to the claim petition. While the Board's order does not specifically affirm the referee, it is clear from the discussion portion of the decision that the Board considered and dismissed the issues brought before it by Mathies.

This Court does not condone the practice of appealing from orders which do not specifically rule on the merits. We believe, however, that it would be imprudent at this time to remand the case to the Board for the purpose of issuing a pro forma order affirming the referee.

*employer shall pay fifty per centum and the
Commonwealth fifty per centum;* if the disability begins between July 1, 1975 and June
30, 1976, inclusive, the employer shall pay
seventy-five per centum and the Commonwealth
twenty-five per centum; and if the disability
begins on or after July 1, 1976, all compensation shall be payable by the employer. (Emphasis added.)

Mathies has raised several issues on appeal, relating exclusively to the allocation of liability. First,
it asks us to hold that the date of last exposure to an
occupational hazard should be used for purposes of
determining the allocation of liability between the employer and the Commonwealth. This would require
that we overrule a number of recent opinions by this
Court in which we rejected similar, if not identical,
arguments. *See Garden Coal Co., Inc. v. Workmen's
Compensation Appeal Board,* 27 Pa. Commonwealth
Ct. 568, 367 A.2d 360 (1976); *Workmen's Compensation Appeal Board v. Jones & Laughlin Steel Corporation,* 24 Pa. Commonwealth Ct. 176, 354 A.2d 925
(1976); *Workmen's Compensation Appeal Board v.
Rochester & Pittsburgh Coal Co.,* 23 Pa. Commonwealth Ct. 441, 353 A.2d 82 (1976). We remain unpersuaded that the reasoning contained in these cases
is illogical, as Mathies has suggested here, and we
continue to believe that "the date of disability does
not automatically coincide with the date of final exposure but must be determined independently on the
facts of each case." *Rochester & Pittsburg Coal Co.,
supra,* 23 Pa. Commonwealth Ct. at 444, 353 A.2d at
83.

In addition, Mathies urges us to conclude that "use
of the doctor examination date as the date of disability for purposes of allocation" violates constitutional principles of due process and equal protection

or, in the alternative, to hold that Section 305.1 of the Act is unconstitutionally. vague because the use of an examination date does not permit an employer to determine at the time a claim petition is filed what his eventual liability will be. While it is true that both the referee and the Board in this case determined that Novak became totally disabled on a date coincident with a date on which he was examined by a doctor, we have held that the date of disability must be determined by the factfinder based upon the evidence presented in each case. *Rochester & Pittsburgh Coal Co., supra.* Mathies has incorrectly presumed that the date of disability for purposes of allocation of liability is, as a matter of law, the date on which an occupational disease claimant is examined and determined by his doctor to be disabled. Because, however, the ''doctor examination date'' is *not* automatically the ''date of disability'' which determines the apportionment of liability pursuant to Section 305.1 of the Act, we need not here consider whether or not the use of such a date violates constitutional principles as argued.

The Board properly affirmed the referee's assessment of the percentage of liability to be paid respectively by Mathies and by the Commonwealth, and we will, therefore, dismiss this appeal and enter judgment for Zigmund Novak.

### ORDER

AND NOW, this 4th day of March, 1977, the appeal of Mathies Coal Company is hereby dismissed and judgment is entered in favor of Zigmund Novak to whom compensation shall be paid at the rate of $106.00 per week beginning July 2, 1974 and continuing into the indefinite future; however, all within the meaning and provisions of The Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

Of the aforementioned $106.00 weekly compensation, the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Occupational Injury and Disease Compensation, shall be liable for payment of fifty percent (50%) thereof or $53.00 per week and the defendant, Mathies Coal Company, shall be liable for the remaining fifty percent (50%) or $53.00 per week.

The above award against the defendant, Mathies Coal Company, only, shall bear interest at the rate of ten percent (10%) per annum pursuant to Section 406.1 of the Act, 77 P.S. §717.1.

All compensation shall be paid to the claimant by the defendant, Mathies Coal Company, pursuant to Rule 121.21(b) of the Bureau of Occupational Injury and Disease Compensation.

Mathies Coal Company is further directed to pay the following reasonable costs of prosecution:

Dr. Joseph H. Carazola, report & testimony $ 100.00

Ronald P. Coleman, transcript 40.50

Reasonable attorney fees are approved as follows:

Interviewing claimant, filing petition, arranging medical exam, appearance at first hearing $1,200.00

Appearance at 3 additional hearings 600.00

Taking Doctor's deposition 400.00

Travel and incidental expenses 150.00

Mathies Coal Company is directed to deduct $2,-350.00 for attorney fees and $140.50 for costs from the compensation due to the claimant and to forward this amount directly to Kenneth J. Yablonski, Esquire. All remaining compensation and interest shall be paid directly to the claimant.