Jones & Laughlin Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, David K. Newman and Commonwealth of Pennsylvania, Respondents.

Argued March 2, 1978, before Judges CRUMLISH, JR., ROGERS and DiSALLE, sitting as a panel of three.

*Raymond F. Keisling*, with him *Will & Keisling*, for petitioner.

*Mary Ellen Krober*, Assistant Attorney General, with her *James N. Diefenderfer*, for respondents.

OPINION BY JUDGE ROGERS, April 10, 1978:

Jones & Laughlin Steel Corporation has appealed from an order of the Workmen's Compensation Appeal Board which affirmed the referee's award of workmen's compensation benefits to David K. Newman.

Newman was awarded benefits beginning December 27, 1974 for permanent and total disability caused by coal workers' pneumoconiosis. The referee's determination that Newman became totally disabled as of that date was based upon the report of Dr. C. Charles Pannuzzi, a physician who had examined Newman on December 27, 1974. This report was placed into evidence by the claimant at a hearing held on August 13, 1975. The referee assessed fifty percent of compensation payable against the employer and the other fifty percent against the Commonwealth of Pennsylvania pursuant to Section 305.1 of The Pennsylvania

Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by Section 2 of the Act of December 6, 1972, P.L. 1627, *as amended*, 77 P.S. §411.1 which provides:

> Any compensation payable under this act for silicosis, anthraco-silicosis or coal-worker's pneumoconiosis as defined in Section 108(q) for disability occurring on or after July 1, 1973 or for death resulting therefrom shall be paid as follows: if the disability begins between July 1, 1973 and June 30, 1974, inclusive, the employer shall pay twenty-five per centum and the Commonwealth seventy-five per centum; *if the disability begins between July 1, 1974 and June 30, 1975, inclusive, the employer shall pay fifty per centum and the Commonwealth fifty per centum*; if the disability begins between July 1, 1975 and June 30, 1976, inclusive, the employer shall pay seventy-five per centum and the Commonwealth twenty-five per centum; and if the disability begins on or after July 1, 1976, all compensation shall be payable by the employer. . . . (Emphasis added.)

The sole question raised by Jones & Laughlin in this appeal is whether the referee properly assessed the percentage of compensation to be paid by the employer and the Commonwealth. It contends that in view of the fact that Newman left work on June 18, 1974 upon the advice of his family doctor, the referee should have found that Newman was disabled prior to July 1, 1974 and should have consequently assessed compensation payable as twenty-five percent against the employer and seventy-five percent against the Commonwealth.

In *Novak v. Mathies Coal Company*, 29 Pa. Commonwealth Ct. 122, 370 A.2d 435 (1977), we held that for purposes of determining the date of disability in

order to allocate liability, neither the date of last exposure to the occupational hazard nor the doctor examination date is automatically the "date of disability" which determines the apportionment of liability under Section 305.1 of the Act. Rather, citing *Workmen's Compensation Appeal Board v. Rochester & Pittsburgh Coal Co.*, 23 Pa. Commonwealth Ct. 441, 353 A.2d 82 (1976), we stated that "the date of disability must be determined by the fact-finder based upon the evidence presented in each case." *Novak v. Mathies Coal Company, supra,* 29 Pa. Commonwealth Ct. at 125, 370 A.2d at 437. It is true that in this case, as in *Novak, supra,* the date of disability as found by the referee coincided with the date on which the claimant was examined by one of the doctors; however, it is within the referee's province as fact-finder to determine the date of disability based upon the evidence presented and we will uphold that determination so long as it is supported by substantial evidence. The referee's determination that Newman became totally disabled on December 27, 1974 is, we believe, supported by substantial evidence.

The order of the Workmen's Compensation Appeal Board is affirmed.

ORDER

AND Now, this 10th day of April, 1978, the appeal of Jones & Laughlin Steel Corporation is hereby dismissed and judgment is entered in favor of David K. Newman to whom compensation shall be paid at the rate of $106.00 per week beginning December 27, 1974 and continuing into the indefinite future; however, all within the meaning and provisions of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

Of the aforementioned $106.00 weekly compensation, the Commonwealth of Pennsylvania, Department

of Labor and Industry, Bureau of Occupational Injury and Disease Compensation shall be liable for payment of fifty percent (50%) thereof or $53.00 per week and the employer, Gateway Coal Company/Jones & Laughlin Steel Corporation, shall be liable for the remaining fifty percent (50%) or $53.00 per week.

The above award against the employer, only, shall bear interest at the rate of ten percent (10%) per annum pursuant to Section 406.1 of the Act, 77 P.S. §717.1

All compensation shall be paid to the claimant by the employer pursuant to Rule 121.21(b) of the Bureau of Occupational Injury and Disease Compensation.

Gateway Coal Company/Jones & Laughlin Steel Corporation is further directed to pay attorney fees in the amount of $1,200.00 pursuant to the agreement of the claimant and the attorney.