Jones & Laughlin Steel Corporation, Petitioner
*v.* Commonwealth of Pennsylvania, Workmen's
Compensation Appeal Board, Adolph Namolik,
Jr. and Commonwealth of Pennsylvania, Respondents.

Argued February 27, 1978, before Judges CRUMLISH, JR., ROGERS and DiSALLE, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for petitioner.

*Mary Ellen Krober,* Assistant Attorney General, with her *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE DISALLE, April 21, 1978:

Jones & Laughlin Steel Corporation (Employer) appeals to this Court from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's award of total disability benefits to Adolph Namolik, Jr. (Claimant).

Claimant filed a claim petition on January 6, 1975. The referee held a hearing on the petition on May 14, 1975, and subsequently awarded benefits to Claimant for total disability caused by coal workers' pneumoconiosis. Despite the referee's finding that Claimant became permanently and totally disabled on November 22, 1974, he ordered the Employer to pay only twenty-five percent of the liability, with the Commonwealth of Pennsylvania paying the remaining seventy-five percent. The Commonwealth appealed the referee's apportionment of liability, and the Board remanded the case to the referee for a redetermination of the apportionment liability under Section 305.1 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411.1 which provides:

> Any compensation payable under the Act for silicosis, anthracosilicosis, coal worker's pneumoconiosis as defined in Section 108(q) for disability occurring on or after July 1, 1973, or for a death resulting therefrom shall be paid as follows: If a disability begins July 1, 1973 and June 30, 1974, inclusive, the employer shall pay 25 percentum and the Commonwealth 75 percentum; *if the disability begins between*

*July 1, 1974, and July 30, 1975, inclusive, the
employer shall pay 50 percentum and the Com-
monwealth 50 percentum*; if the disability be-
gins between July 1, 1975, and June 30, 1976,
inclusive, the employer shall pay 75 percentum
and the Commonwealth 25 percentum, and if
the disability begins on or after July 1, 1976,
all compensation shall be payable by the em-
ployer. The procedure for payment of compen-
sation in such cases shall be as prescribed in
Rules and Regulations of the Department. (Em-
phasis added.)

Upon remand, the Employer presented a physi-
cian's opinion to the effect that the date of Claimant's
disability was the date of final exposure to the occu-
pational hazard on May 14, 1974. This date was also
the final day of Claimant's employment with the Em-
ployer. However, the referee again concluded that
Claimant was totally and permanently disabled as of
November 22, 1974, but this time he properly appor-
tioned the liability between the Employer and the
Commonwealth on an equal fifty percentum basis as
required by Section 305.1 of the Act. The Employer
then appealed the referee's second decision to the
Board. The Board affirmed the referee.

The Employer contends that the referee should
have found the date of disability to have commenced
on May 14, 1974, which was Claimant's last exposure
to the occupational hazard. We have consistently
held that the date of disability does not automatically
coincide with the date of final exposure, nor is it au-
tomatically the date on which the physician examines
the Claimant and determines Claimant is disabled
from an occupational disease. The date of disability
must be determined independently on the facts of
each case. *Novak v. Mathies Coal Co.*, 29 Pa. Com-
monwealth Ct. 122, 370 A.2d 435 (1977).

In the instant case, the referee concluded on two separate occasions that the Claimant had proven his allegation that disability began on November 22, 1974. This finding is supported by competent medical testimony presented by the Claimant. While it is true that both the referee and the Board determined that Claimant became totally disabled on a date coincident with the date on which he was examined by his physician, this, in and of itself, would not vitiate the finding. *Novak, supra.* The law is well settled that it is within the sole province of the fact-finder to resolve conflicts in the medical testimony. *Cole Steel Equipment Corp. v. Workmen's Compensation Appeal Board*, 14 Pa. Commonwealth Ct. 454, 322 A.2d 743 (1974).

There is substantial evidence in this case to support the findings of the referee. The Board properly affirmed the referee's assessment of the percentage of compensation to be paid respectively by the Employer and the Commonwealth, and we will, therefore, dismiss the appeal and enter judgment for Adolph Namolik, Jr.

## Order

And Now, this 21st day of April, 1978, the appeal of Jones & Laughlin Steel Corporation is hereby dismissed and judgment is entered in favor of Adolph Namolik, Jr., to whom compensation shall be paid at the rate of $106.00 per week beginning January 3, 1975, and continuing into the indefinite future; however, all within the meaning and provisions of The Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

Of the aforementioned $106.00 weekly compensation, the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Occupational Injury and Disease Compensation, shall be liable for

payment of fifty percent (50%) thereof or $53.00 per week and the defendant, Jones & Laughlin Steel Corporation shall be liable for the remaining fifty percent (50%) or $53.00 per week.

The award against the Jones & Laughlin Steel Corporation, only, shall bear interest at the rate of ten percent (10%) per annum pursuant to Section 406.1 of the Act, 77 P.S. §717.1.

All compensation shall be paid to the Claimant by the defendant Jones & Laughlin Steel Corporation, pursuant to Rule 121.21(b) of the Bureau of Occupational Injury and Disease Compensation.

Jones & Laughlin Steel Corporation is directed to deduct $750.00 from the compensation due to the Claimant and to forward this amount directly to Benjamin L. Costello, Esquire, and Kenneth J. Yablonski, Esquire. All remaining compensation and interest shall be paid directly to Claimant.