Republic Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, George Paugh and Commonwealth of Pennsylvania, Respondents.

Argued February 3, 1978, before Judges ROGERS, BLATT and DiSALLE, sitting as a panel of three.

*Edward A. McFarland,* with him *Ralph A. Davies,* and *Thomson, Rhodes & Grigsby,* for petitioner.

*Laurence W. Dague,* Assistant Attorney General, with him *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE BLATT, April 26, 1978:

Republic Steel Corporation (employer) appeals here from an order of the Workmen's Compensation Appeal Board (Board) which modified a referee's allocation of liability between the employer and the Commonwealth of Pennsylvania for the payment of workmen's compensation benefits to George F. Paugh (claimant).

On September 12, 1974, the claimant had filed a petition claiming compensation for total disability resulting from coal worker's pneumoconiosis. After several hearings, the referee found that the claimant had become totally disabled due to coal worker's pneumoconiosis and awarded benefits, allocating 75% of the liability to the Commonwealth and 25% to the employer. On appeal, the Board affirmed the referee's decision but reallocated the liability for compensation, assessing the cost equally on both parties. The employer has appealed the reallocation to this Court.

Section 305.1 of The Pennsylvania Workmen's Compensation Act,[1] 77 P.S. §411.1, concerns the allocation of liability for the payment of disability and it provides:

Any compensation payable under this act for silicosis, anthroco-silicosis or coal-worker's pneumoconiosis as defined in section 108(q) for disability occurring on or after July 1, 1973 or for death resulting therefrom shall be paid as follows: if the disability begins between July 1, 1973 and June 30, 1974, inclusive, the employer shall pay twenty-five per centum and the Commonwealth seventy-five per centum; *if the disability begins between July 1, 1974, and June 30, 1975, inclusive, the employer shall pay fifty per centum and the Commonwealth fifty per centum;* if the disability begins between July 1, 1975 and June 30, 1976, inclusive, the employer shall pay seventy-five per centum and the Commonwealth twenty-five per centum; and if the disability begins on or after July 1, 1976, all compensation shall be payable by the employer. The procedures for payment of compensation in such cases shall be as prescribed in the rules and regulations of the department. (Emphasis added.)

The referee found as a fact that the claimant had become totally disabled due to coal worker's pneumoconiosis on August 3, 1974. Because August 3, 1974 falls within the period between July 1, 1974 and June 30, 1975, the Board correctly followed Section 305.1 in reallocating the liability percentages between the employer and the Commonwealth to 50% each. The employer argues however that the referee's finding

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

that the claimant became totally disabled on August 3, 1974 is not supported by substantial evidence.

We held in *Workmen's Compensation Appeal Board v. Rochester & Pittsburgh Coal Co.*, 23 Pa. Commonwealth Ct. 441, 444, 353 A.2d 82, 83 (1976), that the date of disability for purposes of allocation of liability is a factual finding to be independently determined by the referee on the facts of each case. *See also Novak v. Mathies Coal Co.*, 29 Pa. Commonwealth Ct. 122, 370 A.2d 435 (1977), and the cases cited therein. Our review of the record here indicates that the referee's finding that the claimant became disabled on August 3, 1974 is supported by both the claimant's testimony and the medical evidence presented at the hearing. A referee's finding of fact which is supported by substantial evidence is binding on this Court.

The order of the Board is, therefore, affirmed.

ORDER

AND Now, this 26th day of April, 1978, the order of the Workmen's Compensation Appeal Board docketed at A-72080 and dated December 20, 1976 is hereby affirmed. Judgment is hereby entered in favor of George F. Paugh and against the Republic Steel Corporation in the amount of $106.00 per week, beginning as of August 3, 1974 and continuing thereafter in accordance with the provisions of the Workmen's Compensation Act.

The said compensation shall be paid as follows:

(a) 50% or $53.00 per week by the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Occupational Injury and Disease Compensation; and

(b) 50% or $53.00 per week by Republic Steel Corporation, self-insured employer.

All compensation awarded herein shall be paid to the claimant by Republic Steel Corporation pursuant to Rule 121.21(b) of the Bureau of Occupational Injury and Disease Compensation, Department of Labor and Industry, Commonwealth of Pennsylvania.

Interest shall accrue on all due and unpaid compensation at the rate of ten per centum per annum, but no interest shall be paid on the part of the award payable by the Commonwealth of Pennsylvania.

In addition, the said Republic Steel Corporation, self-insured employer, shall reimburse the United Mine Workers, District 5, for the following costs:

Transcript, deposition testimony,
    Dr. James L. Buchanan  ... ..... $ 31.25
Deposition and transcript of testimony
    of Dr. Melvin M. Schiff ........... 45.00
Testifying at deposition,
    Dr. Melvin M. Schiff  ... .. ..... 100.00
Transcript, deposition,
    Dr. Charles R. Perryman ......... 21.60