608

Gateway Coal Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Alfred Ricciuti and Commonwealth of Pennsylvania, Respondents.

Argued May 5, 1978, before Judges MENCER, ROGERS and DiSALLE, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for petitioner.

*Sandra S. Christianson,* Assistant Attorney General, with her *Van P. Braswell,* Assistant Attorney General, for respondent, Commonwealth.

OPINION BY JUDGE MENCER, July 11, 1978:

Gateway Coal Company (Gateway) appeals from a decision of the Workmen's Compensation Appeal Board (Board) requiring it to pay 50 percent of the compensation due to Alfred Ricciuti (claimant) under The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq., the remaining 50 percent to be paid by the Commonwealth of Pennsylvania. Gateway contends that the evidence presented compels the conclusion that claimant became totally disabled prior to July 1, 1974 and that under Section 305.1 of the Act, added by Section 2 of the Act of December 6, 1972, P.L. 1627, 77 P.S. §411.1, the Commonwealth should be required to pay 75 percent of the compensation due. We cannot agree, and we affirm the order of the Board.

Claimant was employed by various coal companies from 1936 until 1974. He was employed by Gateway from 1963 until January 3, 1974. According to the claimant, for approximately two years prior to his last day of work, he had been experiencing difficulty in breathing, which eventually became so severe that claimant felt compelled to retire. He therefore ter-

minated his employment as of January 3, 1974. In April 1974, claimant consulted Dr. A. Carl Walker, who, again according to the claimant, diagnosed claimant's difficulty as a heart disease. On September 6, 1974, claimant was examined by another doctor, Dr. C. Charles Iannuzzi. In a letter to claimant's attorney, Dr. Iannuzzi concluded that "Alfred Ricciuti is totally and permanently disabled due to coal worker's pneumoconiosis and that this condition is the result of his exposure to dusts while working in the coal mines."

In October 1974, claimant filed his claim petition against Gateway and the Commonwealth, alleging that he became totally disabled due to anthracosilicosis and/or coal worker's pneumoconiosis as of September 6, 1974. At the request of the Commonwealth, claimant was again examined by Dr. Walker on December 17, 1974. In his subsequent answers to interrogatories, Dr. Walker apparently changed his opinion about the nature of claimant's difficulty and concluded that claimant was totally disabled due to anthracosilicosis. Dr. Walker further stated in his interrogatories that, in his opinion, claimant's condition on his last day of work had been the same as on December 17, 1974, *i.e.*, totally disabled due to anthracosilicosis.

Hearings were held before a referee at which the claimant testified and the letter of Dr. Iannuzzi and the interrogatories of Dr. Walker were introduced into evidence without objection. Neither doctor testified in person. Based on this evidence, the referee found that claimant became permanently and totally disabled due to anthracosilicosis on September 6, 1974, the date of claimant's examination by Dr. Iannuzzi. Since this date fell between July 1, 1974 and June 30, 1975, the referee apportioned liability between Gateway and the Commonwealth on a 50-50 basis, pursuant to Section 305.1 of the Act. The Board affirmed, and this appeal followed.

Section 305.1 provides:

> Any compensation payable under this act for silicosis, anthraco-silicosis or coal-worker's pneumoconiosis as defined in section 108(q) for disability occurring on or after July 1, 1973 or for death resulting therefrom shall be paid as follows: *if the disability* begins *between July 1, 1973 and June 30, 1974, inclusive, the employer shall pay twenty-five per centum and the Commonwealth seventy-five per centum; if the disability* begins *between July 1, 1974, and June 30, 1975, inclusive, the employer shall pay fifty per centum and the Commonwealth fifty per centum*; if the disability begins between July 1, 1975 and June 30, 1976, inclusive, the employer shall pay seventy-five per centum and the Commonwealth twenty-five per centum; and if the disability begins on or after July 1, 1976, all compensation shall be payable by the employer. The procedures for payment of compensation in such cases shall be as prescribed in the rules and regulations of the department. (Emphasis added.)

Since claimant is seeking benefits for total disability, payments are to be apportioned as of the date of total, as opposed to partial, disability. *Rakoczy v. Jandy Coal Co.,* 26 Pa. Commonwealth Ct. 459, 363 A.2d 1338 (1976). The date on which a claimant becomes totally disabled is a question of fact for the referee to determine on the basis of the evidence. *Novak v. Mathies Coal Co.,* 29 Pa. Commonwealth Ct. 122, 370 A.2d 435 (1977). The date disability begins is not automatically the date of last exposure (here, January 3, 1974) or the date on which claimant is examined and determined by his doctor to be disabled (here, September 6, 1974). *Novak v. Mathies Coal Co., supra.*

Although it has never been expressly held, we think it clear that, as between an employer and the Commonwealth, the employer must bear the burden of proving the date a disability begins if he wishes the Commonwealth to share the burden of paying compensation. All compensation for disabilities which begin after July 1, 1976, will be payable by the employer. As we noted in *Rakoczy v. Jandy Coal Co.*, *supra*, 26 Pa. Commonwealth Ct. at 462, 363 A.2d at 1339, " '[t]he Commonwealth's obligation to pay a part of the compensation is an assumed gratuity in relief of an employer. . . .' " Since the employer is the party who is primarily liable under the Act, the employer should be required to prove he is entitled to the partial relief granted by the Act. In addition, the relevant information would, in most cases, be more readily available to the employer than to the Commonwealth, and this is an important factor in allocating burden of proof. *See Barrett v. Otis Elevator Co.*, 431 Pa. 446, 452-53, 246 A.2d 668, 672 (1968).

In this case, the Commonwealth argues that the referee's finding that claimant's total disability began on September 6, 1974 is supported by substantial evidence. If so, this finding would be binding upon us regardless of where the burden of proof on the issue rested. *See, e.g., Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board*, 35 Pa. Commonwealth Ct. 610, 383 A.2d 1329 (1978); *Workmen's Compensation Appeal Board v. Rochester & Pittsburgh Coal Co.*, 23 Pa. Commonwealth Ct. 441, 353 A.2d 82 (1976). However, there is no evidence in the record before us to support such a finding. Dr. Iannuzzi's letter, upon which the Commonwealth relies, states only that claimant was totally disabled at the time Dr. Iannuzzi examined him on September 6, 1974; he expressed no opinion whatsoever on when the total disability *began*, the important date under Section 305.1.

As noted above, however, the Commonwealth had no duty to introduce any evidence concerning date of disability. Rather, Gateway had the burden of establishing the Commonwealth's liability by a preponderance of the evidence. The referee properly found that this burden had been met to the extent of showing that the disability began *at least* by September 6, 1974; this much is established by Dr. Iannuzzi's letter.[1] The referee was not convinced, however, that the total disability began prior to July 1, 1974. As our Supreme Court noted,

> [n]o citations of authority are required to support the proposition that . . . the final fact-finding body must determine whether the [party with the burden] has sustained his burden, and that the question on review is not whether the evidence would sustain the [fact-finder's] finding, but whether there was a capricious disregard of competent evidence.

*Lowery v. Pittsburgh Coal Co.*, 427 Pa. 576, 578-79, 235 A.2d 805, 807 (1967). *See also Barrett v. Otis Elevator Co., supra,* 431 Pa. at 449-51, 246 A.2d at 670-71. *Cf.* 4 K. Davis, *Administrative Law Treatise* §29.06 at 148 (1958): "When the party having the burden of proof fails to produce evidence which the tribunal believes, the finding must be in favor of the opposing party, even if the opposing party has produced no evidence."

The issue here, then, is whether or not the referee has capriciously disregarded competent evidence in finding that claimant's total disability began on September 6, 1974 and not before. To constitute capricious disregard, there must be a "willful, deliberate disbelief of an apparently trustworthy witness, whose

---

[1] Although Dr. Iannuzzi's letter was hearsay, it was admitted without objection, and his conclusions are supported by the claimant's own description of his physical condition.

testimony one of ordinary intelligence could not possibly challenge or entertain the slightest doubts as to its truth." *Bullock v. Building Maintenance, Inc.,* 6 Pa. Commonwealth Ct. 539, 542-43, 297 A.2d 520, 522 (1972).

There is indeed some evidence to indicate that claimant was totally disabled from anthracosilicosis as of his last day of work, January 3, 1974. Claimant's testimony was that his breathing difficulties had become so severe by that time that he felt compelled to retire. In addition, Dr. Walker, in his interrogatories, stated that, on December 17, 1974, claimant was totally disabled and that, in his opinion, claimant's condition on his last day of work almost one year earlier had been the same.

We do not think that this evidence was such as one of ordinary intelligence could not possibly challenge or doubt. Claimant's testimony established only that he was *to some extent* disabled when he quit work; it did not establish that he was in fact *totally* disabled. As we stated in *Garden Coal Co. v. Workmen's Compensation Appeal Board,* 27 Pa. Commonwealth Ct. 568, 572, 367 A.2d 360, 362 (1976), "[w]e cannot say, as a matter of law, that the referee was bound, as to determining the date of disability, by the self-diagnosis of a lay person."

Dr. Walker's written statements do not add much to the weight of claimant's testimony. First, his answers to the interrogatories were not subject to cross-examination. In addition, his opinions expressed therein were in apparent conflict with his earlier diagnosis of a heart disease. Finally, the relevant opinion was rendered almost a year after claimant's last day of work and was, to a certain extent, necessarily speculative in nature.

While the evidence may have supported a finding that claimant was totally disabled at the time he left

work, we cannot hold that the referee was required, as a matter of law, to so find. Since Gateway did not meet its burden of proving that the disability began prior to July 1, 1974, we will affirm the order of the Workmen's Compensation Appeal Board.

### ORDER

AND Now, this 11th day of July, 1978, the order of the Workmen's Compensation Appeal Board in the above captioned case, dated March 31, 1977, is hereby affirmed.