National Mines Corporation and Old Republic Companies, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Theodore H. Hardobey and Commonwealth of Pennsylvania, Respondents.

Argued December 3, 1979, before Judges CRUM-LISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Paul E. Sutter,* with him, *George H. Thompson,* of *Hirsch, Weise & Tillman,* for petitioners.

*Sandra Christianson,* Assistant Attorney General, with her, *Larry A. Makel,* Assistant Attorney General, for respondents.

OPINION BY JUDGE CRAIG, March 11, 1980:

National Mines Corporation (employer) and its insurer Old Republic Companies, as petitioners, appeal from the decision of the Workmen's Compensation Appeal Board (board) which affirmed the referee's determination of total disability of Thomas Hardobey (claimant) due to anthracosilicosis resulting from his employment by National.

Claimant filed for occupational disease benefits on April 26, 1976, alleging that on April 5, 1976, he became totally disabled from coal worker's pneumoconiosis stemming from work for the employer. After a hearing on January 17, 1977, at which medical testimony and exhibits were received, the referee found the claimant "totally and permanently disabled from anthracosilicosis as of December 14, 1976", drawing that date from the date on which one of the physician witnesses examined claimant.

Petitioners do not contest the finding of total disability due to work-related anthracosilicosis. They contend only that the referee erred in finding the disability "as of" December 14, 1976, and thus allocating 100% of the compensation payment liability

to the employer, pursuant to Section 305.1 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, added by the Act of December 6, 1972, P.L. 1627, No. 337, §2, 77 P.S. §411.1, which provides in pertinent part that "if the disability begins between July 1, 1975 and June 30, 1976, inclusive, the employer shall pay seventy-five per centum and the Commonwealth twenty-five per centum; and if the disability begins on or after July 1, 1976, all compensation shall be payable by the employer."

Petitioners contend that in so finding, and awarding accordingly, the referee capriciously disregarded competent evidence to the effect that claimant's disability began before July 1, 1976, so that twenty-five per cent of the compensation awarded should have been apportioned to be paid by the Commonwealth.

Initially, we are given some pause by the referee's terminology, finding claimant disabled "as of" December 14, 1976. Admittedly, the finding is not as precise as it would be if it stated plainly that the disability "began" December 14, 1976.

How should we understand the finding, in the light of the actual record here?

In Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board, 34 Pa. Commonwealth Ct. 618, 383 A.2d 1329 (1978), the referee held that claimant was totally disabled "as of December 27, 1974." This conclusion was based upon a doctor's examination of claimant on that date, wherein he concluded that claimant was totally disabled. The issue was, as here, when the disability began. We concluded that the referee's determination that claimant became totally disabled on December 27, 1974 was supported by substantial evidence, clearly implying that a finding of using "as of" would support the conclusion that total disability began on the "as of" date.

In *Gateway Coal Co. v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 608, 388 A.2d 1122 (1978), the referee, again relying on an examination by a doctor, found that claimant was totally disabled on September 6, 1974. The doctor's evaluation, upon which the referee relied, stated only that claimant was disabled "as of" the time he examined claimant.

In *Gateway,* we recognized that the issue was one of burden of proof. The employer must carry the burden of proving when total disability began. In *Gateway,* we reasoned that even if the "as of" was insufficient, in the syllogistic sense, to establish when total disability began, nevertheless it is sufficient to prove that total disability began *at least* by the "as of" date.

Therefore, the issue here, as in *Gateway,* becomes whether or not the referee disregarded competent evidence in finding that claimant's total disability began on December 14, 1976 (in *Gateway,* September 6, 1974) and not before.

In *Gateway,* there was some evidence that the total disability began before September 6, 1974. In this case, however, we have no evidence that claimant's total disability began before December 14, 1976. The only medical evidence in the record is as follows:

(1) Report dated September 2, 1976, submitted by employer concluding that "claimant has a moderate degree of chronic obstructive lung disease with no evidence of pneumoconiosis and is approximately 15% impaired from a respiratory standpoint."

(2) Report dated May 21, 1976, submitted by employer, concluding that "claimant has moderate obstructive and restrictive pulmonary disease."

(3) Report dated December 14, 1976, submitted by claimant, that claimant was totally and permanently disabled.

Thus, employer's only testimony supports, at best, that claimant was partially disabled before December 14, 1976. It is the *employer's* burden to prove when total disability began; he has not met that burden.

In short, the referee did not disregard competent evidence that claimant's total disability began before December 14, 1976, because no evidence was presented at all by employer on that point.

The "as of" date determines when total disability begins, *unless* the employer can carry his burden that total disability has begun on a different date.[1] Here, because the employer failed to meet that burden, the decision must be affirmed.

## ORDER

AND Now, this 11th day of March, 1980, the order of the Workmen's Compensation Appeal Board at No. A-74796, dated August 3, 1978, is affirmed. Accordingly, it is ordered that judgment be entered in favor of claimant Theodore H. Hardobey, and against National Mines Corporation and its insurer, Old Republic Companies, defendants, in the following amounts:

1. Compensation at the rate of $187.00 per week beginning February 22, 1977, and continuing thereafter within the terms and limi-

---

[1] Assuredly, where the date that disability began is at issue, greater clarity is achieved when the referee's finding avoids "as of" and, instead, states when disability "began", thus paralleling the terms of the law. If such precision is not possible, our opinion here indicates that a finding could say that the employer has not sustained the burden of showing any beginning date earlier than the date stated, if such be the state of the record.

tations of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.

2. $150.00 as reimbursement to claimant for costs incurred.

In addition to the above, defendants are ordered to pay to Anthony J. Kovach, Esquire, the amount of $496.25, also as reimbursement of costs.

Defendants are ordered to pay a sum equivalent to 20% of the first two years of benefits payable to claimant, to Anthony J. Kovach, Esquire, as counsel fees, these amounts to be deducted from the above award and the balance to be paid to claimant by separate instrument.

President Judge BOWMAN did not participate in the decision in this case.

Judge DiSALLE did not participate in the decision in this case.