Rockwell International, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John B. Nagle, Respondents.

Argued October 9, 1981, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Albert G. Feczko, Jr.,* for petitioner.

*Amiel B. Caramanna, Jr.,* for respondent, John B. Nagle.

OPINION BY JUDGE CRAIG, December 9, 1981:

In this workmen's compensation appeal, the employer[1] questions an order by the Workmen's Com-

---

[1] Rockwell International.

pensation Appeal Board affirming a referee's decision to award compensation to claimant, a laborer, for total disability.

Claimant had been a general maintenance employee, but faced with a layoff, he exercised his seniority rights and "bumped into" a laborer position, in which his primary duty was to clean cement floors with a heavy buffing machine. The claimant's testimony was that the machine's operation forced him to sway from side to side, and, while operating it on a date between March 20 and April 2, 1975, the machine hit some water causing an unusual sway and he felt a "twinge" in his left knee. The claimant continued to work until the latter date, when the pain was too great for him to continue work.

On April 5, 1975, claimant saw Dr. Dwight Kissell. Dr. Kissell testified for the employer, by deposition, that the claimant complained of muscle strain in the legs from being unable to handle the machine. The doctor said that the claimant did not mention any injury. Dr. Kissell gave the claimant a note suggesting a one-week vacation and then, upon return to work, a light duty assignment. However, the claimant did not return to work.

The employer raises two points on appeal. First, the employer contends that claimant did not give notice as required by Section 311 of The Pennsylvania Workmen's Compensation Act[2] mandating notice within 120 days after the occurrence of the injury. *Workmen's Compensation Appeal Board v. Czepurnyj*, 20 Pa. Commonwealth Ct. 305, 340 A.2d 915 (1975). Concomitantly, the employer's evidence questioned the accident occurrence.[3]

---

[2] Section 311 of the Act of June 2, 1915, *as amended*, 77 P.S. §631.

[3] Robert Wiese, the claimant's immediate supervisor, testified that he was not aware of any accident involving the claimant and

At the first hearing, the claimant testified that he had not told anyone at work about the accident.[4] At a later hearing, claimant testified that his negative statement concerning notice was limited to April 2, 1975. He further testified that on April 7 or 8, 1975, he took Dr. Kissell's note to the company nurse and told her that he had injured his legs at work. He also testified that he told a personnel official the same story.

The referee explicitly found that the claimant's evidence on notice was more credible and therefore accepted it. Although this court may well have viewed the evidence differently than the referee, we cannot say that his findings are in error.[5] Questions of credibility and choices between conflicting testimony are to be resolved by the referee, who in his lawful discretion may accept or reject in whole or in part the testimony of any witness. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). This rule applies even when there are apparent contradictions in the witness' own testimony. *Alcoa v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 152, 410 A.2d 945 (1980).

The employer's second point revolves around the weight given to the conflicting medical testimony.

---

was not aware of any water spills in the plant. He testified that his many trips through the plant would have brought a water spill to his attention.

[4] The claim petition set the notice date as May 28, 1976, more than one year after the date of the injury.

[5] When the party with the burden of proof has prevailed before the referee and board, our scope of review is limited to whether constitutional rights have been violated, an error of law committed, or a necessary finding of fact was unsupported by substantial evidence. *Interstate Truck Service, Inc. v. Workmen's Compensation Appeal Board,* 42 Pa. Commonwealth Ct. 22, 400 A.2d 225 (1979).

By deposition, claimant presented the testimony of Dr. Samuel Sherman. After reviewing the medical history of the claimant,[6] Dr. Sherman concluded that the accident aggravated a pre-existing condition and had totally disabled the claimant in his present position. On cross-examination, Dr. Sherman admitted (1) that his knowledge of the accident was based upon the history he had received from the claimant; and (2) that Dr. Kissell, the treating physician, would be better qualified to express an opinion on whether an injury had occurred.

In deciding a conflict, the referee may choose to rely more upon the treating physician's report. However, in this case, the referee chose to rely on the examining physician. The resolution of conflicts between medical testimony is within the sound discretion of the referee. *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 58, 384 A.2d 1046 (1978).

Because there is substantial evidence of disability from a work-related injury, the board's order must be affirmed.

### ORDER

Now, December 9, 1981, the order of the Workmen's Compensation Appeal Board, No. A-77379, dated March 24, 1979 is hereby affirmed and employer's appeal is dismissed. Accordingly, it is ordered that judgment be entered in favor of claimant John B. Nagle and against Rockwell International, self-insured, in the following amounts:

1. Weekly compensation at the rate of $114.00 per week from April 3, 1975 up to and including June 30, 1975.

---

[6] The record shows that claimant's right knee had been operated on in 1935 and 1963 and that his left knee had been injured at work in 1972 and operated on in 1973.

2. Beginning July 1, 1975, weekly compensation shall be paid for total disability at the rate of $114.79 per week and shall continue at said rate until such time as claimant's disability either ceases or changes in character or extent within the meaning of The Pennsylvania Workmen's Compensation Act.

3. From the total sums thus awarded and continuing there shall be an attorney's fee of 20% thereof in payment to Attorney Amiel B. Caramanna, Jr.

In addition to the foregoing, Rockwell International, self-insured, shall pay the following sums by way of reimbursement, subrogation and attorney's collection commission:

To: Attorney Amiel B. Caramanna, Jr.
for reimbursement of sums expended     $348.20