Commonwealth of Pennsylvania, Department of Labor and Industry, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, U. S. Steel Corporation and Stephen Kurincak, Respondents.

Argued November 2, 1978, before Judges MENCER, DiSALLE and CRAIG, sitting as a panel of three.

*Sandra S. Christianson,* Assistant Attorney General, for petitioner.

*R. M. Guttshall,* with him *Jane L. Boucher,* for respondents.

OPINION BY JUDGE MENCER, April 25, 1979:

The Commonwealth of Pennsylvania, Department of Labor and Industry (Commonwealth) appeals a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of compensation to Stephen Kurincak (claimant). The appeal stems from the Board's order to reapportion the referee's allocation of liability between the Commonwealth and U.S. Steel Corporation (employer) pursuant to Section 305.1 of The Pennsylvania Workmen's Compensation Act (Act).[1]

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 2 of the Act of December 6, 1972, P.L. 1627, 77 P.S. §411.1, which reads:

Any compensation payable under this act for silicosis, anthraco-silicosis or coal-worker's pneumoconiosis as defined in section 108(q) for disability occurring on or after July 1, 1973 or for death resulting therefrom shall be paid as follows: if the disability begins between July 1, 1973 and June 30, 1974, inclusive, the employer shall pay twenty-five per centum and the Commonwealth seventy-five per centum; if the disability begins between July 1, 1974, and

It is undisputed that claimant is totally and permanently disabled as a result of coal worker's pneumoconiosis contracted as a result of exposure to coal dust. The sole issue before the Court is whether the Board exceeded its limited scope of review in ignoring the referee's finding of fact as to the date of disability and in substituting its own finding, thereby reapportioning liability between the Commonwealth and the employer.

The referee made the following pertinent finding of fact:

SEVENTH. This Referee finds as a fact based on all the evidence received, both medical and lay, that on July 4, 1974, the claimant, Stephen Kurincak, did become totally disabled from an occupational disease, coal worker's pneumoconiosis, as a result of all his exposure to the hazard of coal dust while employed in the bituminous mining industry from 1936 to January 3, 1974 inclusive, as evidenced by the testimony of Drs. Frank Maida, Harry Speedy, and George Hanzel.

On the basis of this finding, the referee concluded:

THIRD: Claimant's disability having occurred on July 4, 1974, benefits are to be paid as defined in Section 305.1 of the Act, i.e., 50% defendant, self insured, and 50% Commonwealth of Pennsylvania.

The employer appealed to the Board which, without taking additional evidence, affirmed the award

June 30, 1975, inclusive, the employer shall pay fifty per centum and the Commonwealth fifty per centum; if the disability begins between July 1, 1975 and June 30, 1976, inclusive, the employer shall pay seventy-five per centum and the Commonwealth twenty-five per centum; and if the disability begins on or after July 1, 1976, all compensation shall be payable by the employer.

but ordered that liability be reapportioned, 25 percent to be paid by the employer, 75 percent by the Commonwealth. The Board reapportioned liability based on the Board's finding that claimant was totally disabled in June 1974, when, the Board found, claimant must first have known of his disability.

We remand.

The Board's scope of review is limited to determining whether the findings of the referee are based on competent evidence or whether an error of law has been committed. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

The record reveals that claimant contends his disability was total in June 1974. The medical evidence was devoid of a date of disability and our review of the entire record reveals no evidence on which the referee could base his finding that disability began July 4, 1974.

Where, as here, there is no competent evidence regarding date of disability and where the Board hears no additional evidence, the Board is no longer free to make its own findings of fact. *Page's Department Store v. Velardi,* 464 Pa. 276, 346 A.2d 556 (1975). To have done so clearly exceeded the Board's scope of review.[2]

---

[2] We reiterate that the date of disability is a factual determination which must be based on all the evidence *Novak v. Mathies Coal Co.,* 29 Pa. Commonwealth Ct. 122, 370 A.2d 435 (1977). The Board's opinion conclusively links the date of disability with the alleged date of claimant's first knowledge of disability. We have previously held such a conclusive presumption to be in error. *Garden Coal Co. v. Workmen's Compensation Appeal Board,* 27 Pa. Commonwealth Ct. 568, 367 A.2d 360 (1976). Furthermore, the fact that claimant instituted federal black lung proceedings is not dispositive of claimant's knowledge of disability for purposes of Pennsylvania workmen's compensation.

Accordingly, we

ORDER

AND NOW, this 25th day of April, 1979, the order of the Workmen's Compensation Appeal Board, dated December 1, 1977, is vacated, and the matter is remanded to the Board for further proceedings not inconsistent with this opinion.