Jones & Laughlin Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Steve A. Zuro and Commonwealth of Pennsylvania, Respondents.

Argued September 28, 1978, before Judges CRUM-LISH, JR., DiSALLE and MacPHAIL, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for petitioner.

*Sandra Christianson,* Assistant Attorney General, with her *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE DiSALLE, December 7, 1978:

Jones & Laughlin Steel Corporation (Employer) appeals from a decision of the Workmen's Compensation Appeal Board affirming a referee's award of compensation to Steve A. Züro (Claimant) under The Pennsylvania Workmen's Compensation Act (Act),

Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq., and the assessment of 50% of the liability therefor on both the Employer and the Commonwealth of Pennsylvania. Employer contends that the evidence presented compels the conclusion that Claimant did not become totally disabled on September 6, 1974, as was adjudged below, but rather that he was totally disabled prior to July 1, 1974, and that under Section 305.1 of the Act, added by Section 2 of the Act of December 6, 1972, P.L. 1627, 77 P.S. §411.1, the Commonwealth should be required to pay 75% of the compensation due.[1]

The sole issue raised by this appeal is whether the referee's conclusion as to when the total disability occurred is supported by the evidence. It has been held that where an employer disputes the date of disability, the employer, and not the Commonwealth, must bear the burden of proving the actual date. *Gateway Coal Co. v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 608, 612, 388 A.2d 1122, 1124 (1978).

Since the Employer was adjudged by the fact finder not to have met this burden, our scope of review is limited to a consideration of whether the referee has capriciously disregarded competent evidence in finding that the Claimant's total disability began on September 6, 1974, and not before. As was held in *Gateway,* this standard involves a willful, deliberate disbelief of an apparently trustworthy witness, whose

---

[1] Section 305.1 provides in pertinent part:

Any compensation payable under this act for . . . coalworker's pneumoconiosis . . . shall be paid as follows: if the disability begins between July 1, 1973 and June 30, 1974, inclusive, the employer shall pay twenty-five per centum and the Commonwealth seventy-five per centum; if the disability begins between July 1, 1974, and June 30, 1975, inclusive, the employer shall pay fifty per centum and the Commonwealth fifty per centum. . . .

testimony one of ordinary intelligence would not possibly challenge.

In determining the date when Claimant's disability arose, the referee specifically relied upon a doctor's medical report which concluded that Claimant was totally disabled as of September 6, 1974, the date of examination, but which made no reference to when the disability began. Employer relies upon the statement of another doctor, taken by interrogatories, which indicated that Claimant was disabled as of November 13, 1974, the date of his examination, but which went on to state that "within a reasonable degree of medical certainty" no changes had occurred in Claimant's condition since August of 1973.

Insofar as the latter opinion was rendered fully fourteen months after Claimant's last day of work, we are compelled to conclude that it is, to some extent, necessarily speculative. We cannot find that the referee's disregard of that portion of this medical testimony was capricious. We therefore affirm the order of the Workmen's Compensation Appeal Board.

ORDER

AND Now, this 7th day of December, 1978, the order of the Workmen's Compensation Appeal Board dated September 2, 1977, affirming a referee's award of benefits to Steve A. Zuro is hereby affirmed and judgment is entered in his favor. The employer, Jones & Laughlin Steel Corporation, and the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Occupational Injury and Disease Compensation, are therefore ordered to pay compensation to Steve A. Zuro at the rate of $100.00 per week beginning September 6, 1974, and continuing into the indefinite future. Of the aforementioned $100.00 weekly compensation, the Commonwealth of Pennsylvania

shall be liable for the payment of fifty percent (50%) thereof, or $50.00 per week, and the employer, Jones & Laughlin Steel Corporation, shall be liable for the remaining fifty percent (50%) or $50.00 per week.

The above award against the employer only shall bear interest on all deferred payments of compensation at the statutory rate of ten percent (10%) per annum.

The Commonwealth of Pennsylvania and Jones & Laughlin Steel Corporation are further directed to pay attorney fees in the amount of twenty percent (20%) of the entire award as approved by the Workmen's Compensation Appeal Board.