Jones & Laughlin Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Clarence J. Speelman and Commonwealth of Pennsylvania, Respondents.

Argued October 30, 1978, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will & Keisling,* for petitioner.

*Benjamin L. Costello* and *Sandra Christianson,* Assistant Attorney General, with them *Thomas L. Holzman,* Assistant Attorney General, for respondents.

OPINION BY JUDGE CRAIG, March 13, 1979:

This is an appeal by Jones & Laughlin Steel Corporation (employer), a self-insured, from an order of the Workmen's Compensation Appeal Board (Board) affirming the referee's decision awarding benefits to Clarence J. Speelman (claimant) and apportioning payment of benefits equally between employer and the Commonwealth.

Claimant was an underground coal miner from 1928 through July 8, 1973.[1] Claimant ceased working upon reaching his 65th birthday. During the last year

---

[1] There is some confusion in the record as to the exact date of claimant's last day of work. There is testimony both that it was July 6, 1973 and July 8, 1973. The referee found, and the Board affirmed his finding, that claimant's last day of work was July 8, 1973. There is no reason to disturb that finding, particularly because the record is clear that claimant worked three days after the crucial date of June 30, 1973.

of his employment, claimant performed lighter than normal duties, and was required to take more breaks, due to shortness of breath.

On October 25, 1974, following a medical examination of claimant, the examining doctor determined that claimant was totally and permanently disabled as a result of coal worker's pneumoconiosis, and that his condition was the result of his exposure to dust while working in the coal mines. Claimant gave notice of his disability to employer on November 17, 1974.

Claimant filed a petition, a hearing was held and medical depositions were taken, after which the referee awarded benefits to claimant and ordered the benefits to be apportioned 50% to employer and 50% to the Commonwealth. The employer appealed to the Board, which affirmed the referee's decision, and amended the referee's order to include payment of the doctor's fee and transcription costs for the deposition of one of the doctors. This appeal followed.

Employer raises two issues in this appeal.

The first is whether an exposure of three days after June 30, 1973 is sufficient to bring this case within Section 301(c) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(2), the section determining whether or not claimant is covered by the Act.

The second issue is whether the referee and the Board erred in holding that the date of the medical examination of claimant was the date of disability for the purpose of apportioning liability between the employer and Commonwealth.

We rule against employer on the first issue. Section 301(c)(2) of the Act states in relevant part:

The provisions of this paragraph (2) shall apply only with respect to the disability or death of an employe which results in whole or in part

from the employe's exposure to the hazard of occupational disease after June 30, 1973. . . .

Employer points to medical testimony which it interprets to mean that the three days claimant worked after June 30, 1973 had no effect on the claimant's disability. We must reject that view on the authority of *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 466, 393 A.2d 1076 (1978), which is factually similar to the present case. This court in that *Jones & Laughlin* case was confronted with a situation where a coal miner had worked in the mines only one day after June 30, 1973. Judge WILKINSON, writing for the court, found that one day was sufficient to satisfy Section 301(c) (2) of the Act where, according to the medical evidence, the disability was a result of total and cumulative exposure to dust in the mines. The medical experts in the present case also attributed claimant's total disability to total and cumulative exposure.

Employer's second issue raises the question of the propriety of the referee's finding that claimant became permanently and totally disabled on October 25, 1974, the date claimant's disability was first diagnosed. Employer points to the testimony of two examining doctors that claimant was disabled as of July, 1973. Therefore, employer argues, July, 1973 should be the operative date for purposes of apportioning liability for benefit payments pursuant to Section 305.1 of the Act, added by Section 2 of the Act of December 6, 1972, P.L. 1627, 77 P.S. §411.1.[2] That section relates apportionment to the date "disability begins."

---

[2] Section 305.1 of the Act provides:

Any compensation payable under this act for silicosis, anthraco-silicosis or coalworker's pneumoconiosis as defined in section 108(q) for disability occurring on or after July 1, 1973 or for death resulting therefrom shall be paid as follows: *if the disability begins between July 1, 1973 and*

An employer who disputes the date of disability must bear the burden of proving the actual date. *Gateway Coal Co. v. Workmen's Compensation Appeal Board*, 36 Pa. Commonwealth Ct. 608, 388 A.2d 1122 (1978).

Because the referee determined that the date of disability was October 25, 1974, and not July 8, 1973, it is apparent that the referee did not believe that employer met its burden. In such a situation, our scope of review is limited to a consideration of whether the referee capriciously disregarded competent evidence. Capricious disregard involves a willful, deliberate disbelief of an apparently trustworthy witness, whose testimony one could not possibly challenge. *Gateway Coal, supra. See also, Jones & Laughlin Steel Corporation v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 103, 394 A.2d 1091 (1978).

The standard of capricious disregard of competent evidence is a difficult one to overcome. In *Gateway Coal, supra,* the employer did not meet the standard, because the doctor who first established the employee's disability simply stated that he was disabled as of the date of the doctor's examination, and expressed no opinion on the date the disability *began.* However, a second doctor, Dr. Walker, stated that in

*June 30, 1974, inclusive, the employer shall pay twenty-five per centum and the Commonwealth seventy-five per centum; if the disability begins between July 1, 1974, and June 30, 1975, inclusive, the employer shall pay fifty per centum and and the Commonwealth fifty per centum;* if the disability begins between July 1, 1975 and June 30, 1976, inclusive, the employer shall pay seventy-five per centum and the Commonwealth twenty-five per centum; and if the disability begins on or after July 1, 1976, all compensation shall be payable by the employer. The procedures for payment of compensation in such cases shall be as prescribed in the rules and regulations of the department. (Emphasis supplied.)

his opinion the employee had been disabled on his last day of work. The referee declined to accept Dr. Walker's testimony, and we affirmed that choice.

However, in the present case, there was *no* evidence on which the referee could base his finding that claimant's disability began on October 25, 1974.[3] Although that was the date on which the first examining doctor, Dr. Iannuzzi, diagnosed the disability and its work-related cause, Dr. Iannuzzi testified that, in his opinion, claimant had been totally disabled in July, 1973. Moreover, Dr. Walker, the only other doctor to testify, offered the same medical opinion. Therefore, *all* of the testimony concerning the date on which the disability began was unequivocal that it began in July, 1973.

For these reasons, the referee's finding that the disability began on October 24, 1974, cannot stand, and we find that the disability began in July, 1973 for purposes of apportionment of liability between employer and the Commonwealth.

Therefore, employer must pay 25% and the Commonwealth 75% of the benefits due claimant.

We will affirm the Board's order in part and reverse it in part.

ORDER

AND Now, this 13th day of March, 1979, the decision of the Workmen's Compensation Appeal Board at

---

[3] The record supports a finding that October 25, 1974 was the date when claimant knew of his disability for notice purposes, pursuant to Section 311 of the Act, 77 P.S. §631, which states in relevant part:

However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, *of the existence of the injury and its possible relationship to his employment.* (Emphasis supplied.)

Docket No. A-72432, dated March 17, 1977, is affirmed insofar as it awarded benefits to claimant, Clarence J. Speelman, in the amount of $100.00 per week. The decision is reversed insofar as it relates to apportionment of compensation benefit payments, and it is ordered that Jones & Laughlin Steel Corporation pay $25.00 per week and the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Occupational Injury and Disease Compensation pay $75.00 per week, all payments beginning on October 25, 1974, and continuing so long as claimant is totally disabled. Interest on accrued payments of compensation shall be at the rate of ten percent per annum, as prescribed by The Pennsylvania Workmen's Compensation Act. It is further ordered that Jones & Laughlin: reimburse the claimant in the amount of $65.00 for medical expenses; make payment to C. Charles Iannuzzi, M.D. in the amount of $100.00 for his deposition fee; make payment to United Mine Workers of America in the amount of $200.00 for the deposition fee of A. Carl Walker, M.D.; and make payment to United Mine Workers of America in the amount of $83.60 for stenographer's fees, all in accordance with The Pennsylvania Workmen's Compensation Act.

---

The date claimant knew of his disability for notice purposes need not necessarily be the same as the date of actual disability.