Jones & Laughlin Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Charles Linkovitch and Commonwealth of Pennsylvania, Respondents.

Argued May 7, 1980, before Judges Rogers, Blatt and MacPhail, sitting as a panel of three.

*Raymond F. Keisling, Will & Keisling,* for petitioner.

*Sandra S. Christianson,* Assistant Attorney General, for respondents.

OPINION BY JUDGE MACPHAIL, June 30, 1980:

Petitioner Jones & Laughlin Steel Corporation (Employer) appeals to this Court from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a decision of the referee granting workmen's compensation benefits to Charles Linkovitch (Claimant) as a result of an occupational disease related disability and ordering Employer and the Commonwealth each to pay fifty per cent of those benefits. Employer challenges only the allocation of payments ordered, arguing that it should be responsible for twenty-five per cent of the benefits and the Commonwealth for the remaining seventy-five per cent. For the reasons which follow, we affirm the order of the Board.

Section 305.1 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 2 of the Act of December 6, 1972, P.L. 1627, 77 P.S. §411.1, provides

Any compensation payable under this act for silicosis, anthraco-silicosis or coalworker's pneumoconiosis as defined in section 108(q) for disability occurring on or after July 1, 1973 or for death resulting therefrom shall be paid as follows: *if the disability begins between July 1, 1973 and June 30, 1974, inclusive, the employer shall pay twenty-five per centum and the Commonwealth seventy-five per centum; if the disability begins between July 1, 1974, and June 30, 1975, inclusive, the employer shall pay fifty per centum and the Commonwealth fifty per centum; ....* (Emphasis added.)

In a case such as this, the date on which a claimant's disability begins does not coincide automatically with the date of claimant's final exposure to an occupational disease or with the date on which a physician examines a claimant and declares him or her to be disabled. Rather, the date of disability must be determined independently on the facts of each case. *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 58, 60, 384 A.2d 1046, 1048 (1978); *Novak v. Mathies Coal Co.,* 29 Pa. Commonwealth Ct. 122, 124-25, 370 A.2d 435, 436-37 (1977).

When an employer disputes the apportionment of liability ordered by the compensation authorities, the employer bears the burden of proving when claimant's permanent and total disability *began. Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 223, 227, 399 A.2d 444, 446 (1979). Where, as here, the party with the burden of proof does not prevail before the Board, our scope of review is limited to a determination of whether the findings of fact are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence, that is without a willful, deliberate disbelief of an apparently trustworthy witness, whose testimony one could not possibly challenge. *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board* at 227, 399 A.2d at 446; *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 594, 377 A.2d 1007, 1009 (1977). The party prevailing before the Board is entitled on appeal to the most favorable inferences to be drawn from the evidence. Of course, questions of credibility and the weight to be given the evidence presented are for the referee who may accept or reject the testimony of any witness in whole or in

part, *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board* at 595, 377 A.2d at 1010, and who may disregard even uncontradicted testimony, *Minadeo v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 412, 415, 402 A.2d 712, 714 (1979).

Claimant here had worked for more than fifty years as an underground coal miner. He had worked for Employer from 1942 until his last day of work, June 21, 1974. On September 10, 1974, he filed a claim petition for compensation, alleging that he was totally disabled due to anthracosilicosis and coal worker's pneumoconiosis. At the hearing on Claimant's petition, Claimant testified in his own behalf and Claimant and Employer each introduced a physician's statement. Both physicians concluded that Claimant was disabled due to coal worker's pneumoconiosis. *Neither* report stated when the disability *began*. Claimant testified that he first knew he was permanently disabled by coal worker's pneumoconiosis on September 6, 1974, the date when he underwent a physical examination by his physician, Dr. Wadhwani. The referee found, inter.alia, that Claimant became permanently and totally disabled on September 6, 1974 due to anthracosilicosis resulting from his exposure to coal dust during his years of employment in the mines. He awarded benefits to Claimant and ordered Employer to pay twenty-five per cent and the Commonwealth seventy-five per cent of the total amount due. The Commonwealth appealed the referee's decision to the Board alleging, in part, that the apportionment of benefits to be paid was erroneous. The Board vacated the referee's decision and order and remanded the record for further testimony.

Following a second hearing, the referee reached the same conclusion, but ordered Employer and the Commonwealth each to pay fifty per cent of the bene-

fits due Claimant. Employer then appealed the apportionment issue to the Board. On appeal, the Board found that Claimant's petition had been erroneously filed under The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 *et seq.,* and remanded the record to allow Claimant to refile his petition pursuant to Section 108(q) of the Act, added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §27.1(q).

On remand, Claimant did amend his petition to comply with the Act. Also on remand, the referee accepted deposition testimony from Dr. Wadhwani in support of Employer's argument that Claimant became disabled prior to July 1, 1974. The referee again awarded benefits to Claimant based upon the finding that Claimant became permanently and totally disabled on September 6, 1974 and ordered Employer and the Commonwealth to share equally the liability for the payments. The referee's order was affirmed by the Board.

In its appeal to us, Employer argues that the referee capriciously disregarded Dr. Wadhwani's deposition testimony that his report of September 6, 1974, was based in part on x-ray, pulmonary function, and laboratory tests performed on May 29, 1974, that Claimant suffered from coal worker's pneumoconiosis in June, 1974, and that if he had examined Claimant in June of 1974, his conclusion concerning Claimant's disability would have been the same as the one he reached in September. The referee found Dr. Wadhwani's deposition testimony to be speculative and lacking in credibility and, therefore, disregarded it in reaching his conclusion as to the date on which Claimant's disability began.

Employer argues that the facts of this case are squarely on point with those of *Jones & Laughlin Steel*

*Corp. v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 223, 399 A.2d 444 (1979). They are not. There, the only medical evidence presented was the testimony of two physicians both of whom testified that claimant *became* disabled in July, 1973. The referee, however, disregarded their testimony and found that claimant became disabled on October 25, 1974, the date on which one of the physicians diagnosed claimant's disability. Here, neither physician submitting a medical report during the first hearing stated an opinion concerning when claimant's disability began. The only medical evidence presented in support of a pre-July 1, 1974 disability was Dr. Wadhwani's deposition testimony offered at the third hearing in this matter, almost three years after the tests on which he based his conclusion were conducted and over two and one-half years from the date on which he examined Claimant and determined him to be disabled. We certainly cannot say that the referee erred in finding Dr. Wadhwani's testimony to be speculative. *Cf., Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 103, 394 A.2d 1091 (1978) (doctor's opinion rendered fourteen months after claimant left work speculative); *Gateway Coal Co. v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 608, 388 A.2d 1122 (1978) (doctor's opinion rendered one year after claimant's last day of work speculative). Furthermore, Dr. Wadhwani did *not* examine Claimant in May or June of 1974. While it is true that Claimant may have been disabled to some extent prior to July 1, 1974, it must be remembered that pneumoconiosis and anthracosilicosis are progressive diseases and that Claimant's disability could have gone from partial to total between June and September of 1974. *See Workmen's Compensation Appeal Board v. Rochester &*

*Pittsburgh Coal Co.,* 23 Pa. Commonwealth Ct. 441, 444 n. 1, 353 A.2d 82, 83 n. 1 (1976).

Upon reviewing the entire record in this matter and the applicable law, we cannot say that the referee committed a capricious disregard of competent evidence in determining that Claimant's disability began on September 6, 1974 and that Employer and the Commonwealth were each liable for fifty per cent of the compensation payable to him. The Board did not err in affirming the referee.

The order of the Workmen's Compensation Appeal Board is affirmed.

ORDER

AND Now, this 30th day of June, 1980, the Order of the Workmen's Compensation Appeal Board entered March 1, 1979 at No. A-73397, is affirmed.

Accordingly, it is ordered that judgment be entered in favor of Charles Linkovitch, Claimant, and against Jones & Laughlin Steel Corporation and the Commonwealth of Pennsylvania in the amount of $106.00 per week, beginning September 6, 1974. Of said sum, the Commonwealth of Pennsylvania shall be liable for the payment of fifty (50) per cent and Jones & Laughlin Steel Corporation shall be liable for payment of fifty (50) per cent. The payments to be made by Jones & Laughlin Steel Corporation only shall bear interest on all deferred payments at the rate of ten (10) per cent per annum.

It is further ordered that Jones & Laughlin Steel Corporation shall pay the sum of $120.00 for costs incurred by Charles Linkovitch at the Centerville Medical Group.

It is further ordered that no counsel fees shall be paid because Charles Linkovitch is a member of District 5 of the United Mine Workers.