Republic Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Mike Husarik and Commonwealth of Pennsylvania, Respondents.

Argued November 21, 1980, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Edward A. McFarland, Thomson, Rhodes & Grigsby,* for petitioner.

*Gregory D. Geiss,* Assistant Attorney General, for respondents.

OPINION BY JUDGE CRAIG, January 13, 1981:

Employer Republic Steel Corporation, self-insured, appeals from an order of the Workmen's Compensation Appeal Board (board) affirming a referee's decision apportioning the liability to pay benefits equally between the employer and the Commonwealth, instead of 25% upon the employer and 75% upon the Commonwealth.

The claimant, an underground coal miner from 1935 to February 27, 1974, terminated his employment because he had difficulty breathing. Dr. Macy I. Levine examined the claimant on May 3, 1974 and on September 29, 1974. After the second examination, Dr. Levine prepared a report stating that the claimant was totally and permanently disabled due to pneumoconiosis.

For the purpose of this appeal, disability is not at issue. Here the employer questions the referee's finding that the claimant became totally disabled on September 29, 1974, pointing instead to the testimony of Dr. Levine that claimant was disabled before May 3, 1974, which date, the employer contends, is the relevant date for the purpose of apportioning liability under Section 305.1 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, added by Section 2 of the Act of December 6, 1972, P.L. 1627, 77 P.S. §411.1; that section provides that, if the disability began between July 1, 1973 and June 30, 1974, the employer must pay 25% and the Commonwealth 75%, but if the disability began between July 1, 1974 and June 30, 1975, liability is apportioned equally between the employer and the Commonwealth.

An employer who disputes the date of disability has the burden of proving the actual date. *Gateway Coal Co. v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 608, 388 A.2d 1122 (1978).

Where, as here, the referee has found that the party with the burden has failed to meet it, our scope of review is limited to whether the referee capriciously disregarded competent evidence. *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 103, 394 A.2d 1091 (1978). On the record before us, we cannot so hold.[1]

In the present case, three medical experts other than Dr. Levine examined the claimant after September 29, 1974, and testified that the claimant was not disabled at the times of their respective examinations. Having assessed the testimony of a witness, the ref-

---

[1] In workmen's compensation cases, the factfinding function, including determinations of credibility, rests with the referee. *Wheeling-Pittsburgh Steel Corp. v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 279, 398 A.2d 1107 (1979).

eree may accept or reject the testimony of any witness in whole *or in part*. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). Here the referee resolved the conflicting testimony as to disability in favor of the claimant, by accepting Dr. Levine's testimony as to the ultimate existence of disability; however, considering the testimony of the other medical experts, the referee apparently rejected Dr. Levine's testimony in part, as to the proposition that claimant's disability antedated May 3, 1974. Therefore, we cannot question the referee's unwillingness to find as a fact the existence of disability before September 29, 1974.

Employer's reliance on *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 223, 399 A.2d 444 (1979) is misplaced. There, unlike here, all the medical experts testified that the claimant's disability commenced before the date which the referee adopted.

Accordingly, we affirm the decision of the board.

### ORDER

AND Now, January 13, 1981, the order of the Workmen's Compensation Appeal Board at Docket No. A-74810, dated January 11, 1980, is affirmed as amended under date of February 14, 1980, and judgment is entered in favor of claimant, Mike Husarik and against Republic Steel Corporation in accordance with said amended order of the board.

---

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. I believe that this case is controlled by *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 223, 399 A.2d 444 (1979), where we held

that all the testimony concerning the date on which claimant's disability began was unequivocally that it began in July 1973 and therefore it was a capricious disregard of competent evidence by the referee to have found that the disability began on October 24, 1974.

Here, the referee found that claimant's disability began on September 29, 1974. However, Dr. Levine testified that the claimant was disabled before May 3, 1974, and the three other medical experts, who examined the claimant after September 29, 1974, testified that claimant was not disabled at the time of their respective examinations. Thus, Dr. Levine's testimony that claimant was disabled before May 3, 1974 is the *only* evidence in the record of a commencement date of disability, and the referee, by disregarding this evidence and choosing the September 29, 1974 date, did capriciously disregard competent evidence in this record.

We must be mindful that the question in this appeal is not whether claimant was disabled on September 29, 1974 but when he did become disabled. This is not an instance where we can conclude that it is for the referee to accept in whole or in part the testimony of Dr. Levine, for, if the referee did not accept his testimony that claimant's disability began prior to May 3, 1974, then there is no evidence at all in this record to support any date for the commencement of claimant's disability.

Because of the above reasons and the remarkably similar fact situations of this case and *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board, supra,* I would reverse the decision of the Workmen's Compensation Appeal Board as it pertains to the apportioning of liability between the employer and the Commonwealth and would place 25 percent of the liability to pay benefits upon the employer and 75 percent upon the Commonwealth.