Republic Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Charles Radich and Commonwealth of Pennsylvania, Respondents.

Argued May 6, 1981, before President Judge CRUMLISH and Judges BLATT and WILLIAMS, JR., sitting as a panel of three.

*Linton L. Moyer, Thomson, Rhodes & Grigsby,* for petitioner.

*Gregory D. Geiss,* Assistant Attorney General, with him *Kenneth J. Yablonski,* Assistant Attorney General, for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, July 9, 1981:

Republic Steel Corporation appeals a Workmen's Compensation Appeal Board ruling that Charles Radich became totally and permanently disabled on October 13, 1976 from pneumoconiosis while employed in the coal industry. Total disability is not an issue; merely the chronological date of disability. We affirm.

Radich last worked for Republic on January 2, 1976. In two medical reports, his family physician stated that Radich was totally and permanently disabled due to pneumoconiosis. The first was dated May 3, 1976, based upon an examination made that same date, and the second was dated October 13, 1976, following an October 8, 1976 examination. At deposition, the doctor asserted October 13, 1976 was the first time he found total disability from the lung disease. However, when confronted with the earlier May 3, 1976 report, the physician changed his testimony to reflect his May 3rd conclusion. The referee found that disability commenced on October 13, 1976, and ordered

Republic Steel to pay *all* (100%) benefits. Contesting this decision and demanding 75%—25% apportionment with the Commonwealth, Republic appeals.[1]

Although the testimony of Radich's physician seems clear on the record, the date on which a claimant becomes totally disabled is a factual question for the referee to determine on the basis of the evidence. *Gateway Coal Co. v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 608, 388 A.2d 1122 (1978). The weight accorded credibility, testimony, and the inferences drawn therefrom by the referee must remain undisturbed, unless the referee capriciously disregarded competent evidence in finding that total disability did not begin until October 13, 1976. *See Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 57, 423 A.2d 1142 (1981).

Our review of the record reveals several factors which could have led the referee to reasonably conclude that total disability began after May 3, 1976. On February 21, 1977, Republic's Board-certified internist found no objective results suggestive of disability based on current clinical studies. However, the family physician's May 3, 1976 disability conclusion followed July 12, 1974 pulmonary function studies, January 1976 X-rays, and an earlier January 21, 1976 examination. Clearly conflicting on the disability question, the testimony was properly resolved by the referee within his discretion and authority.

Affirmed.

---

[1] Section 305.1 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* added by Section 2 of the Act of December 6, 1972, P.L. 1627, *as amended,* 77 P.S. §411.1, explains in pertinent part that a May 3, 1976 disability would require a 25% contribution by the Commonwealth:

[I]f the disability begins between July 1, 1975 and June 30, 1976, inclusive, the employer shall pay seventy-five per

446

ORDER

The Workmen's Compensation Appeal Board order, dated August 14, 1980, Docket No. A-78662, is affirmed.

Date: July 9, 1981.

centum and the Commonwealth twenty-five per centum; and if the disability begins on or after July 1, 1976, all compensation shall be payable by the employer.