Helen Petyak, Widow of Michael Petyak, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Barnes and Tucker Company and Commonwealth of Pennsylvania, Respondents.

Argued June 5, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

160

*David J. Tulowitzki*, with him *Blair V. Pawlowski*, for petitioner.

*Robert G. Rose, Spence, Custer, Saylor, Wolfe & Rose*, for respondent, Barnes and Tucker Company.

OPINION BY JUDGE MENCER, October 8, 1981:

The petitioner, Helen Petyak, widow of Michael Petyak, filed a fatal claim petition for dependent's compensation under The Pennsylvania Workmen's Compensation Act[1] against the Barnes and Tucker Company (employer) and the Commonwealth of Pennsylvania (Commonwealth), alleging that the death of her husband was due to coal worker's pneumoconiosis. The petitioner testified before the referee and introduced into evidence the deposition of Dr. Joseph E. Pirog, who had performed a thoracic autopsy on the decedent. Neither the employer nor the Commonwealth introduced evidence.

The referee denied the petitioner's claim, concluding that she failed to prove by competent, credible, and substantial evidence that the cause of the decedent's death was coal worker's pneumoconiosis. The Workmen's Compensation Appeal Board affirmed the

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 *et seq*.

determination of the referee, and this appeal followed. The petitioner here contends that the referee capriciously disregarded the testimony of Dr. Pirog concerning her husband's cause of death. We reject that contention.

Dr. Pirog testified before the referee that, in his opinion, the decedent's death was caused by coal worker's pneumoconiosis. He stated on direct examination, however, that this opinion was based upon a partial autopsy limited to the chest cavity. He acknowledged that the limited scope of the autopsy prevented him from excluding other causes of death—specifically, acute myocardial infarction or a cerebral vascular accident. He also admitted that the reasonable medical certainty of his opinion was lessened, if not negated, by the lack of a complete autopsy.

It is for the referee to determine the credibility of the evidence, to resolve any inconsistencies or equivocations in the testimony, and to assess its weight. *Nardone v. Workmen's Compensation Appeal Board,* 48 Pa. Commonwealth Ct. 360, 409 A.2d 945 (1980). He may reject the testimony of any witness in whole or in part. *Bowes v. Inter-Community Action, Inc.,* 49 Pa. Commonwealth Ct. 612, 411 A.2d 1279 (1980). If the referee determines that testimony lacks credibility, he may disregard it, even though it is uncontradicted. *Minadeo v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 412, 402 A.2d 712 (1979). If the testimony of an expert witness is properly rejected by the referee, he may decline to make an award, even though the employer has offered no evidence. *Peron v. Phoenix Park Coal Co.,* 202 Pa. Superior Ct. 495, 198 A.2d 370 (1964).

Since the testimony of the claimant's medical expert was based upon incomplete autopsy results and was manifestly inconsistent and equivocal, we cannot say that the referee capriciously disregarded that tes-

timony in making his findings of fact. The referee properly resolved inconsistencies and equivocations in Dr. Pirog's testimony, accepted that portion of it he found credible, and weighed its value. He committed no error in concluding that the petitioner's evidence did not meet her burden of showing that her husband's death was the result of coal worker's pneumoconiosis. We therefore enter the following

ORDER

AND Now, this 8th day of October, 1981, the order of the Workmen's Compensation Appeal Board, dated September 4, 1980, dismissing the fatal claim petition of Helen Petyak, widow of Michael Petyak, and disallowing compensation, is hereby affirmed.

---

DISSENTING OPINION BY JUDGE CRAIG:

I respectfully dissent because the referee, in order to reach his decision, necessarily had to disregard the only expert medical testimony concerning the cause of death, that of the physician who performed the autopsy, and who twice affirmed his reasonable certainty that pneumoconiosis was the cause of death.

The autopsy, although limited to the thoracic area, was nevertheless sufficient to eliminate, and did eliminate, as the cause of death, the only alternative possibility suggested by the evidence—acute myocardial infarction.

The fact that the thoracic autopsy did not eliminate the possibility of a cerebral vascular accident is immaterial because the clinical findings and history provided no basis for introducing any such speculation. We cannot require that every post-mortem examination have a scope so total that it refutes every conceivable cause of death which the ingenuity of cross-examining counsel may imagine.

Here the medical witness, as a mark of his sincerity, admitted the limitation of his autopsy procedure, but every medical examination obviously has some limitations.

The medical certainty we require is reasonable, not absolute. I would reverse.