Robert F. Brayo, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Walworth Valve Company, Respondents.

Argued September 14, 1981, before President Judge Crumlish and Judges Blatt and MacPhail, sitting as a panel of three.

*Robert J. Milie,* for petitioner.

*Roy F. Walters, Jr.,* with him *Joseph F. Grochmal, Fried, Kane, Walters & Zuschlag,* for respondent, ·Walworth Valve Company.

OPINION BY JUDGE MACPHAIL, October 22, 1981:

Robert F. Brayo (Claimant) appeals to this Court from an order of the Workmen's Compensation Appeal Board (Board), which affirmed the decision of the referee denying workmen's compensation benefits to the Claimant.

Claimant's brief admits that the issue in this appeal is a narrow one—did the referee capriciously disregard the competent medical testimony of Claimant's treating physician, Dr. Barua, who opined that Claimant was permanently totally disabled as a result of the work-related injuries he sustained on October 26, 1974.

The referee's finding that Claimant suffered a disabling work-related injury on October 26, 1974 is not in dispute. The claim petition, which was filed May 12, 1975, alleges that the disability is a continuing one. The first hearing was held May 25, 1976 but the referee's decision was not filed until October 3, 1979. The medical testimony from both Claimant's physician and Dr. Mitchell, who testified for the employer, was by deposition.

The referee's tenth finding of fact states:

After reviewing the medical testimony, your Referee accepts only that portion of Dr. Barua's testimony pertaining to the claimant's disability from the date of his injury until March 10, 1978 and further accepts as credible

the testimony of Dr. William Mitchell that as of March 10, 1978 all of the claimant's disability, in reference to his work-related injury of October 26, 1974, ceased and terminated, although the claimant remained disabled at that time from causes unrelated to the work-related injury.

Claimant contends, of course, that that finding is erroneous in view of the fact that Dr. Barua testified unequivocally that Claimant was disabled by his work-related injury on October 26, 1974 and that he continues to be totally disabled from that same injury. In addition, Claimant argues that the fact that he is receiving Social Security disability payments is further evidence of his continuing total disability.

Finally, Claimant contends that testimony of Dr. Mitchell should not have been accepted by the referee because that physician testified that 1) there was a percentage of disability in Claimant's right shoulder 2) he gave little regard to the results of a myelogram and 3) he had examined the Claimant on only one occasion. Nevertheless, Dr. Mitchell, who was an orthopedic physician, testified unequivocally as follows:

In my professional opinion, there is no objective evidence of disability of the head, neck or upper extremities as a result of the alleged accident of October 25, 1974 [sic]. Whatever injuries the patient sustained at that time, he has clearly made a complete recovery.

Where, as here, the Claimant is the party with the burden of proof and fails to carry that burden, our Court has held that our scope of review is to determine whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence which is the willful, deliberate disbelief of an apparently trustworthy witness, whose testimony one

could not possibly challenge. *Jones and Laughlin Steel Corp. v. Workmen's Compensation Appeal Board,* 52 Pa. Commonwealth Ct. 436, 415 A.2d 1275 (1980).[1]

As the Board noted, the Claimant's quarrel is with the referee's resolution of conflicting evidence. This Court has said on many occasions that questions of credibility, the resolutions of conflicting testimony and the weight to be given the evidence are matters to be resolved by the fact-finder—here the referee—and not this Court. *Snyder v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 227, 412 A.2d 694 (1980). We must agree with the Board that the referee did not capriciously disregard Dr. Barua's testimony; he simply decided that he could not accept that part of his testimony which was in conflict with Dr. Mitchell's testimony regarding the continuation of the disability beyond March 10, 1978. The referee's acceptance of the medical testimony of one physician, and the corresponding rejection of the diametrically opposed view of another physician, does not constitute capricious disregard of competent evidence. Rather this was the proper performance of the referee's duty. *Snyder.*

Order affirmed.

---

[1] While the Claimant, the employer and the Board have treated this case as one involving the "capricious disregard of competent evidence" test we do note that in this case, Claimant did meet his burden of proving a compensable injury but the issue is whether the disability continued past March 10, 1978. In general, where an employer contends that a disability no longer exists, the burden of proof shifts to the employer and if the employer prevails on that issue, the test on appeal is whether there was substantial evidence to support the referee's findings. *City of Williamsport v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 618, 423 A.2d 817 (1980). Since the result will be the same in the case now before us regardless of which test is used and since the issue has not been raised by either party, we will treat the case as being one under the "capricious disregard of competent evidence" test.

238

### Order

AND Now, this 22nd day of October, 1981, the order of the Workmen's Compensation Appeal Board, No. A78035, dated May 2, 1980, is affirmed and judgment is entered in favor of the Claimant Robert F. Brayo and against Walworth Valve Company and/or its workmen's compensation carrier, as follows:

Compensation for total disability at the rate of $106.00 per week beginning October 27, 1974 and continuing at that rate until March 9, 1978 together with 10% per annum on all deferred amounts of compensation hereunder.

The costs, expenses and attorneys fees of the proceedings as set forth in the referee's findings of fact numbered 13, 14 and 15.