Elvira N. Butler, Petitioner *v.* Workmen's Compensation Appeal Board (Commercial Laundry, Inc.), Respondents.

Argued May 6, 1982, before President Judge CRUMLISH and Judges CRAIG and DOYLE, sitting as a panel of three.

*Richard I. Schubert, Irving M. Portnoy, Litman, Litman, Harris & Specter, P.A.,* for petitioner.

*Eugene F. Scanlon, Dickie, McCamey & Chilcote,* for respondent.

OPINION BY JUDGE CRAIG, July 13, 1982:

Elvira N. Butler (claimant) appeals an order of the Workmen's Compensation Appeal Board which

sustained the referee's decision denying the claimant benefits under the Workmen's Compensation Act (Act).[1]

The claimant worked for Commercial Laundry, Inc. (Commercial) as a laundry sorter, bundling dirty sheets and lifting the bundles onto racks. She alleges that she injured her back on February 25, 1971, as a result of overexertion from lifting a heavier-than-normal bundle onto a rack which was filled to a higher-than-normal level.[2]

At the hearing, the employer offered no evidence. The claimant's evidence included her own testimony, plus that of her treating physician and a co-worker.

After a lengthy procedural history,[3] the referee based his final order upon a conclusion that claimant did not prove either that she was engaged in work re-

---

[1] The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1603.

[2] Claimant contends that her injury was caused by overexertion which would, under the "unusual strain doctrine," satisfy the "accident" element of her claim. The unusual strain doctrine would apply here because claimant's alleged injury occurred before the 1972 amendments to the Act. *Makarewich v. A.P. Green Refractories Co.*, 44 Pa. Commonwealth Ct. 1, 403 A.2d 172 (1979).

[3] The referee initially found the claimant ineligible for compensation. The board reversed the referee and awarded claimant compensation, but, upon an earlier appeal to this court, we determined that the board had erred by making new findings of fact without taking additional evidence; we agreed that the referee's findings were inadequate for review, and therefore remanded so that the board could either take additional evidence or remand the matter to the referee for proper findings of fact. *Commercial Laundry v. Workmen's Compensation Appeal Board*, 17 Pa. Commonwealth Ct. 297, 331 A.2d 230 (1975). The board remanded to the referee, who took no additional evidence and issued a second order, supported by new findings of fact, again denying compensation. On appeal, the board reversed the referee and again remanded for adequate findings of fact and, if necessary, to take additional testimony. Thereafter, the claimant offered the deposition of her supervisor at the time of the alleged accident. The referee, making fifty-one "findings

quiring greater exertion than her normal work at the time of the alleged accident or that she has a disability due to a compensable work-related accident.

We must decide whether the referee capriciously disregarded competent evidence and whether the referee's conclusions of law are supported by and consistent with his findings.[4]

Claimant testified that her injury occurred when she strained to lift a bundle into a rack and felt something "snap" in her lower back. The referee found that claimant had injured her back at least two times before the alleged injury at work and determined that claimant's testimony, as to the cause of her accident, was not credible.

The co-worker gave a statement to Commercial's representative, in which she said that the claimant complained of pain while counting sheets; but at the hearing, she testified that the claimant hurt her back while lifting a bundle onto a rack. The referee found the co-worker's oral testimony not consistent with her written statement and decided that the written statement was more credible.

The doctor testified that the claimant's x-rays revealed little more than degenerative arthritis. He determined that the claimant had an acute back sprain, which, in his opinion resulted from an accident at work.

---

of fact" and three conclusions of law, denied claimant compensation. Claimant appealed again. The board, although critical of the referee's findings and analysis, affirmed the referee's order.

[4] *Brayo v. Workmen's Compensation Appeal Board*, 62 Pa. Commonwealth Ct. 234, 435 A.2d 1346 (1981). A referee capriciously disregards competent evidence when he or she willfully and deliberately disbelieves an apparently trustworthy witness, whose testimony a person of ordinary intelligence could not possibly challenge or doubt. *Gateway Coal Co. v. Workmen's Compensation Appeal Board*, 36 Pa. Commonwealth Ct. 608, 613-14, 388 A.2d 1122, 1125 (1978).

The referee rejected the doctor's opinion, as to the cause of the claimant's injury, because the doctor said he based that opinion on information provided to him by the claimant, which the referee had found not to be credible.

In his deposition, the supervisor testified that, on February 25, 1971, someone informed him that claimant had hurt her back throwing sheets onto a rack, that he went to the area where the claimant had been working and observed that the rack used by claimant was filled higher than normal, and that after claimant gave him information for an accident report form, which he filled in, he sent her home. The referee, noting that the supervisor did not see the accident, decided that his testimony did not prove that a compensable accident had occurred.[5]

When, as here, the board takes no additional evidence, the referee is the final arbitrator of credibility and the weight of the evidence. *Workmen's Compensation Appeal Board v. Quick,* 25 Pa. Commonwealth Ct. 203, 359 A.2d 852 (1976). If the referee properly rejects the testimony of claimant's witnesses, the referee may decline to make an award, even though the employer has offered no evidence. *Petyak v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 159, 435 A.2d 669 (1981). A referee may disregard the testimony of any witness even though the testimony is uncontradicted. *Minadeo v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 412, 415, 402 A.2d 712, 714 (1979).

---

[5] Counsel for Commercial objected to the admission of the supervisor's deposition on the ground that it was not after discovered evidence. The referee determined that the deposition was not properly admissible but nevertheless discussed the deposition and based findings upon it. We do not reach the issue of whether the deposition was admissible.

Because the physician's opinion was based on information which the referee found not to be credible, we decide that the referee properly rejected the doctor's testimony as to the cause of claimant's injury. *See Sabatini v. Affiliated Food Distributors, Inc.,* 6 Pa. Commonwealth Ct. 470, 295 A.2d 845 (1972).

We conclude that the referee has not capriciously disregarded competent evidence and that claimant has not proven that she injured her back in the course of her employment.[6] We also decide that the referee's conclusion that claimant did not have a compensable injury is supported by and consistent with his findings of fact.

Although this court might have reached a different result if it were the factfinder here, the constraints of our scope of review require an affirmance.

ORDER

Now, July 13, 1982, the order of the Workmen's Compensation Appeal Board, No. A-77884, dated December 5, 1980, denying benefits to claimant, Elvira M. Butler, is affirmed.

---

[6] Hence, we do not reach the issue of whether the unusual strain doctrine applies to claimant's injury.