Joseph Harrity, Petitioner *v.* Workmen's Compensation Appeal Board (International Paper Co.), Respondents.

Submitted on briefs November 18, 1982, to Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Edward C. Harkin,* for petitioner.

*Thomas F. McDevitt,* for respondent, International Paper Co.

OPINION BY JUDGE MACPHAIL, February 7, 1983:

This is an appeal from an order of the Workmen's Compensation Appeal Board (Board) affirming the decision of the referee denying the Claimant, Joseph Harrity, workmen's compensation benefits.

Claimant alleges that his back was first injured in an industrial accident in November of 1972, that he was lulled by his employer into withholding the filing of a claim for workmen's compensation benefits for that injury, that his prior back injury was aggravated by the lifting he was required to do in connection with his job and that the pain continued and became so intense that he was forced to terminate his employment in February of 1978, subsequent to which he filed a claim petition. The referee, after five hearings, found that Claimant failed to prove a work related injury in 1978 and concluded that Claimant was barred by the statute of limitations from filing any claim for the injury alleged to have been sustained in 1972.

While much attention in this case has been given by the parties, the referee and the Board, to the bar of the statute of limitations[1] our review of the claim petition reveals that the reference to the 1972 injury was to explain that that injury was the initial cause of his disability which finally resulted in his termination of employment in 1978.[2] To the extent that the bar of the statute of limitations may be relevant, we must agree with the referee and the Board that Claimant's last discussions with his employer concerning the 1972 injury occurred in 1973. There is no evidence whatsoever that the employer said or did anything thereafter which could or would have lulled Claimant into failing to file a timely claim for that injury.

The referee stated in his findings that the testimony of Claimant's physician which was to the effect that Claimant's present disability[3] was work related, was not credible. This is the proper function of the fact-finder. While we do not believe that Claimant ever contended that he suffered an industrial "accident" in the sense that word is usually understood, it was, nevertheless, incumbent upon him to prove that the cause of his disability in 1978 was work related. *City of New Castle v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 25, 441 A.2d 803 (1982). Employer's medical witness testified contra and there were gaps and contradictions in the testimony offered by Claimant and his medical witness to

---

[1] *See* Section 315 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §602.

[2] Paragraph 5 of the Claim Petition reads as follows:

My injury or disease occurred in the following manner—Had industrial accident in 1972; which company doctor diagnosed as muscle strain and sprain; continued to experience pain until 1978; went to my doctor; later x-rays revealed fractures; company put me out.

[3] Employer's medical witness concedes that Claimant is at least partially disabled.

sustain his burden of proof. In a close case like this, the referee could have found either way, but we, in our appellate review, may consider only whether he capriciously disregarded the Claimant's evidence in reaching his decision. *Brayo v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 234, 435 A.2d 1346 (1981). This he did not do, of course.

Order affirmed.

### ORDER

The order of the Workmen's Compensation Appeal Board denying workmen's compensation benefits to Joseph Harrity, is affirmed.