598 A.2d 602

**VOLKSWAGEN OF AMERICA and Sentry Insurance Company, Petitioners,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (David RUSSELL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted May 17, 1991.

Decided Oct. 17, 1991.

Raymond F. Keisling, for petitioners.

William Jon McCormick, for respondent.

Before COLINS and BYER, JJ., and BARBIERI, Senior Judge.

BYER, Judge.

Volkswagen of America and its insurance carrier, Sentry Insurance Company, appeal an order of the Workmen's Compensation Appeal Board reversing a referee's decision denying David Russell's petition to reinstate benefits. The board reversed because it concluded that the referee capriciously disregarded uncontradicted expert testimony by a treating physician. We affirm.

Russell fell into an open pit while employed by Volkswagen, aggravating a pre-existing aseptic necrosis [1] of the right hip. His benefits were terminated in 1984. When he underwent surgery in 1985 for his aseptic necrosis, Russell filed a reinstatement petition pursuant to section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772, alleging recurrence of his original work injury.

At the referee's hearing, only Russell presented evidence; however, the referee denied the petition, finding that Russell had failed to meet his burden of proving that his current disability was related to his prior work-related injury. [2] The board affirmed, holding that there was competent evidence to support the referee's decision. Russell appealed to this court.

We remanded to the board, holding that the proper scope of review in cases where the party with the burden of proof is the only party to present evidence and does not prevail, is the capricious disregard of competent evidence test rather than the substantial evidence test, which applies when both parties present evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

On remand, the referee reopened the record to hear additional testimony from Russell's treating physician, Dr. Smith. Volkswagen again presented no evidence. The referee once more denied reinstatement, concluding that Russell had failed to prove by substantial, competent and credible evidence that his present disability was related to his work injury. (Conclusion of law, 2). The board re-

1. Jack Smith, M.D., a board certified orthopedic surgeon testified that "actual [aseptic] necrosis itself is a vascular problem where there is some disruption of the circulation of the hip." (87a). "Aseptic necrosis becomes a degenerative condition." *Id.*

2. On a reinstatement petition, the claimant bears the burden of establishing that a disability has increased or recurred after the date of the prior award and, to meet this burden, must show that his or her physical condition has actually changed in some manner. *Memorial Osteopathic Hospital v. Workmen's Compensation Appeal Board (Brandon)*, 77 Pa.Commonwealth Ct. 518, 466 A.2d 741 (1983).

versed, holding that the referee capriciously disregarded Dr. Smith's testimony. Volkswagen appeals to this court.

Volkswagen asserts that Russell failed to establish by competent medical testimony that his disability resulted from a work-related injury rather than the natural progress of his pre-existing condition. *See Panaci v. Workmen's Compensation Appeal Board (Scranton School District)*, 66 Pa.Commonwealth Ct. 188, 443 A.2d 881 (1982). Volkswagen further argues that because Dr. Smith testified that surgery would eventually be necessary regardless of the 1983 injury, the 1985 surgery was not a result of the work injury but rather a natural result of Russell's pre-existing aseptic necrosis. Therefore, Volkswagen asserts that the board erred in reversing the referee because substantial evidence exists to support his decision. We do not agree.

█ A referee has broad discretion in considering evidence. If the board takes no additional evidence, the referee is the final arbiter of credibility and the weight of the evidence. *Butler v. Workmen's Compensation Appeal Board (Commercial Laundry, Inc.)*, 67 Pa.Commonwealth Ct. 393, 396, 447 A.2d 683, 685 (1982). The referee may disregard the testimony of any witness even though the testimony is uncontradicted. *Id.* Where a physician's opinion was based on information which the referee finds not credible, the referee may reject the physician's testimony as to the cause of injury. *Id.*, 67 Pa.Commonwealth Ct. at 397, 447 A.2d at 685.

█ Although this discretion is broad, it is subject to an important limitation in cases where the party with the burden of proof is the only party to introduce evidence. In such a case, the referee may not capriciously disregard evidence when ruling against the party with the burden of proof. *See Czap v. Workmen's Compensation Appeal Board (Gunton Corp.)*, 137 Pa.Commonwealth Ct. 612, 587 A.2d 49 (1991); *Gallo v. Workmen's Compensation Appeal Board (United Parcel Service)*, 95 Pa.Commonwealth Ct. 158, 504 A.2d 985 (1986); *A. Steiert & Sons, Inc. v. Rice*, 8 Pa.Commonwealth Ct. 264, 301 A.2d 919 (1973); *Drevitch v.*

*Beverly Farms, Inc.*, 7 Pa.Commonwealth Ct. 1, 297 A.2d 541 (1972); *Bullock v. Building Maintenance, Inc.*, 6 Pa.Commonwealth Ct. 539, 297 A.2d 520 (1972).

A capricious disregard of evidence is a deliberate and baseless disregard of apparently trustworthy evidence. *See Acme Markets, Inc. v. Workmen's Compensation Appeal Board (Pilvalis)*, 142 Pa.Commonwealth Ct. 400, 597 A.2d 294 (1991); *Gallo v. Workmen's Compensation Appeal Board (United Parcel Service)*, 95 Pa.Commonwealth Ct. 158, 163, 504 A.2d 985, 988 (1986). "At the very least the findings and conclusions of the fact finder must have a rational basis in the evidence of record and demonstrate an appreciation and correct application of underlying principles of substantive law to that evidence." *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass)*, 515 Pa. 315, 324, 528 A.2d 580, 584–585 (1987) (emphasis omitted) (citing *Jasper v. Workmen's Compensation Appeal Board (WCAB)*, 498 Pa. 263, 266, 445 A.2d 1212, 1213 (1982)). The question here is whether the board correctly held that the referee capriciously disregarded the testimony of Dr. Smith, the treating physician, in denying reinstatement of benefits.

In order to determine whether the board correctly determined a capricious disregard of evidence, we must review the entire testimony of Dr. Smith in the context of this case. Dr. Smith stated his opinion that Russell's 1985 surgery was a result of his work-related injury. More specifically, he testified that the 1985 surgery was necessary because the work injury aggravated Russell's prior condition.

Dr. Smith testified as follows:

Q: Doctor, what is your opinion as to the reason [Russell] was hospitalized back in 1985?

A: [Russell] was hospitalized in 1985 for treatment of a condition known as aseptic, a-s-e-p-t-i-c, necrosis of his right hip. This had become symptomatic *as a result of an injury he had in March of 1983 at work.*

(85a) (emphasis added). Dr. Smith explained that the work injury "necessitated an earlier time-frame" for Russell's 1985 surgery (85a).

There is no evidence which undermines the trustworthiness or credibility of Dr. Smith. The referee did not determine that Dr. Smith lacked credibility. Nevertheless, the referee found as a fact that the 1985 disability and medical treatment were *not* related to the aggravation of the work injury, but instead to the pre-existing aseptic necrosis that antedated the work injury. (Referee finding of fact, 7).

Dr. Smith unequivocally testified that the 1985 surgery was required as a result of the prior work injury. Upon consideration of Dr. Smith's unequivocal and uncontradicted testimony and in the absence of any finding that Dr. Smith lacked credibility as a witness, we hold that the board correctly determined that the referee capriciously disregarded evidence. Russell met his burden of proving by competent medical evidence that his 1985 disability resulted from his work-related injury, and Volkswagen introduced no evidence to the contrary.

▮▮▮ Where a person's employment aggravates a prior existing condition, the aggravation is compensable even though the prior condition was not work related. *See Farquhar.* Here, Russell suffers from a work-related aggravation of a prior work injury. The prior work injury was the aggravation of a pre-existing condition. If a worker is entitled to compensation because of the work-related aggravation of a pre-existing condition which is completely unrelated to work, it follows that the aggravation of a condition which is partly work related and partly pre-existing is compensable. Therefore, the board correctly reinstated Russell's benefits.[3]

We affirm.

**3.** When medical testimony establishes recurrence of prior work-related injury, workmen's compensation benefits can be reinstated. *See Simeone v. Workmen's Compensation Appeal Board (United Parcel Service),* 135 Pa.Commonwealth Ct. 356, 580 A.2d 926 (1990).

## ORDER

We affirm the order of the Workmen's Compensation Appeal Board.